THE STATE, EX REL. ALLRIGHT PARKING OF CLEVELAND, INC.,
APPELLEE, *v.* CITY OF CLEVELAND ET AL., APPELLANTS.

[Cite as *State, ex rel. Allright Parking of Cleveland,
Inc., v. Cleveland* (1992), 63 Ohio St.3d 772.]

(Nos. 91–835 and 91–862—Submitted April 14, 1992—Decided June 10, 1992.)

*Benesch, Friedlander, Coplan & Aronoff, Stephen D. Williger* and *Mark A. Phillips,* for appellee.

*Craig S. Miller,* Director of Law, *Joseph J. Jerse* and *Gary N. Travis,* for appellant city of Cleveland.

*Baker & Hostetler, Gary L. Bryenton, Jose C. Feliciano* and *Loretta H. Garrison,* for appellants Memorial Park Garage Community Urban Redevelopment Corporation, Mall A Community Urban Redevelopment Corporation, Public Square North Community Urban Redevelopment Corporation, and Jacobs, Visconsi & Jacobs Company.

WRIGHT, J. In the case now before us, the court of appeals ruled that ninety-four of the withheld documents were not excepted from disclosure as trade secrets because they had been submitted as part of an application under R.C. 1728.06 for approval of a tax-exempt project, and thus had become part of the public record. We hold it was error for the court of appeals to reach that conclusion without first reviewing the documents in question *in camera* to determine whether the documents had, in fact, become part of the public record, and thus had lost their protection as trade secrets not subject to disclosure under R.C. 149.43.

R.C. 149.43 reads in relevant part as follows:

"(A) As used in this section:

"(1) 'Public record' means any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except * * * *records the release of which is prohibited by state or federal law.*

" * * * *

"(B) All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in such a manner that they can be made available for inspection in accordance with this division." (Emphasis added.)

We recently reiterated that the intent of the General Assembly in the passage of R.C. 149.43 was to provide broad access to public records. *State, ex rel. Margolius, v. Cleveland* (1992), 62 Ohio St.3d 456, 584 N.E.2d 665. Although the application of the statute is quite broad, its reach is nevertheless circumscribed by many important exceptions, including an exception for documents whose release is prohibited by state or federal law.

In the case before us, the intervening businesses have a legitimate concern that confidential business information that was not intended for public release will be conveyed to a competitor through a public records release. Under Ohio law, a trade secret is protected from disclosure if the owner of the trade secret has taken measures designed to prevent the information from being made available to "persons other than those selected by the owner to have access thereto for limited purposes." R.C. 1333.51(A)(3). Thus, the question the court of appeals should have addressed is whether the documents in question contained trade secrets, and, if so, whether the submission of the documents to the city constituted a waiver of the trade secret protection.

The court of appeals, it appears, decided the second part of the question without deciding the first. Without reviewing the documents *in camera* or hearing argument from the city and the intervening businesses, the court decided that the documents the city withheld had been submitted by the intervening businesses as a part of a tax abatement application under R.C. 1728.06. That statute provides that such an application becomes a matter of public record upon receipt by the mayor of the municipality to whom it is directed, and that the application is to be available for inspection by the general public during business hours. From these provisions, the court of

appeals reasoned that all of the documents relating to the application were similarly part of the public record. This reasoning, which does not rest upon a thorough review of the documents to determine whether they contain trade secrets or whether they were submitted as a part of the application, short-circuits the type of review required to rule upon petitions in public record mandamus actions.

The court of appeals erred in its assumption that once an application is "a matter of public record," materials that are ancillary to, but submitted with, the application are automatically subject to disclosure. Although the court of appeals was correct that the application itself was a public record because the statute directly provides for its inspection by the public, it incorrectly ruled that all of the documents *relating to* or *submitted with* the application were public records and subject to release under R.C. 149.43.

In cases such as these, "[a]n *in camera* inspection remains the best procedure" for determining whether records are excepted from disclosure. *State, ex rel. Natl. Broadcasting Co., v. Cleveland* (1991), 57 Ohio St.3d 77, 81, 566 N.E.2d 146, 150. Accordingly, the action is reversed and remanded to the court of appeals for a new determination as to whether the documents are public records subject to disclosure.[1] During the *in camera* review, the court of appeals should first decide whether the documents contain trade secrets. If any of the documents withheld do not contain trade secrets, then they must be disclosed. If any of the documents withheld do contain trade secrets, then the court of appeals must determine whether those documents were submitted as part of the tax abatement application, or whether the documents were simply ancillary thereto. If any of those documents were submitted as part of the application, as that term is described in R.C. 1728.06, then the trade secret exception to disclosure does not apply, and the documents must be made available for inspection and copying. If any of the documents containing trade secrets were not submitted as part of the application, then they are not public documents, and they are exempt from disclosure.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, H. BROWN and RESNICK, JJ., concur.
DOUGLAS, J., dissents.

---

1. It is conceivable that a document could be a "public record" in the sense that it is held by a public office or agency and yet not fall under the definition of "public record" found in R.C. 149.43 because of a statutory exemption. Under the facts of this case, however, we do not find it necessary to determine whether the phrase "matter of public record" in R.C. 1728.06 encompasses the latter definition.