[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 667.]

THE STATE EX REL. SEBALLOS, APPELLEE, *v*. SCHOOL EMPLOYEES
RETIREMENT SYSTEM ET AL., APPELLANTS.

[Cite as *State ex rel. Seballos v. School Emp. Retirement Sys.*, 1994-Ohio-80.]

*Public records—Trade secrets submitted as part of an application to a governmental body—Request for access to and right to inspect and copy documents in the application—Governmental body asserts that the records are excepted from disclosure—Court required to make in camera inspection of documents at issue to determine which involve trade secrets that are protected from disclosure.*

(No. 94-1130—Submitted September 13, 1994—Decided November 9, 1994.)

APPEALS from the Court of Appeals for Franklin County, No. 93AP-809.

_____

{¶ 1} In December 1992, respondent-appellant, School Employees Retirement System ("SERS"), issued a "Request for Proposal for the School Employees Retirement System" ("RFP"), which solicited proposals from qualified organizations that offered provider networks and could meet specified administrative, financial and other requirements. The RFP had been prepared by Robert W. Kalman, a health care consultant hired by SERS to assist in developing and implementing a strategy for managing SERS's post-retirement medical benefit plan costs more effectively.

{¶ 2} Respondents-appellants, Aetna Life Insurance Company ("Aetna") and Community Mutual Insurance Company ("Community Mutual"), as well as Blue Cross and Blue Shield Mutual of Ohio ("Blue Cross"), submitted written proposals to SERS in response to the RFP. SERS, through Kalman, requested additional documentation and information concerning the business and financial structure and proposals of the three companies. The requested information was

very detailed, highly confidential and considered by Kalman to constitute trade secrets. Kalman had expressly promised Blue Cross and implicitly assured Aetna and Community Mutual that all the information they were providing would remain confidential. After evaluating the submitted proposals and additional information, Kalman prepared a comprehensive report documenting key findings in the selection process and recommended a managed health care vendor. On May 25, 1993, SERS selected Aetna to administer SERS's health benefit plan.

{¶ 3} By letter dated May 28, 1993, relator-appellee, Sandra K. Seballos, an employee of a law firm that represents Blue Cross in certain litigation, requested from respondent-appellant, Thomas R. Anderson, SERS's executive director, "copies of all documents relating to SERS'[s] selection of an organization to offer a managed care network pursuant to its Managed Medical Care Request for Proposal issued December, 1992." Seballos's request included, but was not limited to:

"1. The minutes of the SERS Board documenting the selection.

"2. Any documents indicating the selection criteria and/or why the organization chosen was selected.

"3. Any agreement, correspondence, or other documents between SERS and the selected organization who will be offering the managed care network."

{¶ 4} In a letter dated June 1, 1993, SERS advised Seballos that it had received her written request for records and that the request was being reviewed by its legal counsel.

{¶ 5} On June 9, 1993, Seballos filed a complaint in the Franklin County Court of Appeals requesting a writ of mandamus to compel, *inter alia*, SERS and Anderson, to furnish access to and the right to inspect and copy the records she requested. Following the initiation by Seballos of her mandamus action, SERS provided her with access to certain documents and denied her access to other documents on the basis that they contained trade secrets. The court of appeals

granted SERS's and Anderson's motion for leave to join Aetna, Community Mutual, and Blue Cross as respondents and Aetna's and Community Mutual's motions for leave to intervene.

{¶ 6} The parties submitted an agreed statement of facts and briefs on the merits. In Seballos's brief, she stated that she was not seeking access to all the records withheld by SERS and Anderson that were responsive to her written request. Instead, Seballos claimed that her request was limited to "just Aetna's written proposal (and any modifications to the proposal) and those that disclose SERS'[s] selection process, why Aetna was selected and any contract between Aetna and SERS." SERS and Anderson submitted the documents they had refused to disclose to Seballos for an *in camera* inspection by the court of appeals.

{¶ 7} The court of appeals entered judgment granting Seballos a writ of mandamus ordering SERS and Anderson to provide access to the requested documents relating to SERS' selection of an organization to offer a managed health care network.

{¶ 8} This cause is now before the court upon appeals as of right.

_____

*Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.*, and *Paul S. Lefkowitz*, for appellee.

*Lee I. Fisher*, Attorney General; *Crabbe, Brown, Jones, Potts & Schmidt* and *Luis M. Alcalde*, for appellants School Employees Retirement System and Thomas R. Anderson.

*Vorys, Sater, Seymour & Pease*, *Michael J. Canter* and *James A. Wilson*, for appellant Community Mutual Insurance Company.

*Wiles, Doucher, Van Buren & Boyle Co., L.P.A.*, and *Thomas J. Keener*, for appellant Aetna Life Insurance Company.

_____

*Per Curiam.*

**{¶ 9}** Appellants assert that the records withheld from Seballos constituted trade secrets which were exempt from disclosure under the public records statute. R.C. 149.43(A)(1) defines a "public record" as any record kept by a public office, except certain specifically defined records and "records the release of which is prohibited by state or federal law." *State ex rel. Beacon Journal Publishing Co. v. Waters* (1993), 67 Ohio St.3d 321, 322, 617 N.E.2d 1110, 1112. R.C. 1333.51(C) provides that "[n]o person, having obtained possession of an article representing a trade secret or access thereto with the owner's consent, shall convert such article to his own use or that of another person, or thereafter without the owner's consent make or cause to be made a copy of such article, or exhibit such article to another." R.C. 1333.51(A)(3) defines "[t]rade secret":

"'Trade secret' means the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, or improvement, or any business plans, financial information, or listing of names, addresses, or telephone numbers, which has not been published or disseminated, or otherwise become a matter of general public knowledge. Such scientific or technical information, design, process, procedure, formula, or improvement, or any business plans, financial information, or listing of names, addresses, or telephone numbers is presumed to be secret when the owner thereof takes measures designed to prevent it, in the ordinary course of business, from being available to persons other than those selected by the owner to have access thereto for limited purposes."

**{¶ 10}** Trade secrets which are prohibited from public disclosure pursuant to R.C. 1333.51 may be exempt from the definition of "public record" contained in R.C. 149.43(A)(1). *State ex rel. Toledo Blade Co. v. Univ. of Toledo Found.* (1992), 65 Ohio St.3d 258, 264, 602 N.E.2d 1159, 1163; see *State ex rel. Jacobs v. Prudoff* (1986), 30 Ohio App.3d 89, 30 OBR 187, 506 N.E.2d 927 (General

4

Assembly intended to protect certain commercial and financial information under Ohio's Trade Secrets Act, and R.C. 149.43[A][1] incorporates R.C. 1333.51).

{¶ 11} In *State ex rel. Allright Parking of Cleveland, Inc. v. Cleveland* (1992), 63 Ohio St.3d 772, 591 N.E.2d 708, this court reversed a court of appeals' denial of a writ of mandamus to compel disclosure of documents relating to applications under R.C. 1728.06 for approval of tax-exempt projects. The city had claimed that some of the requested records were trade secrets protected from disclosure by R.C. 1333.51 and 149.43(A)(1). In *Allright Parking*, at 776, 591 N.E.2d at 711, the cause was remanded to the court of appeals, which had not reviewed the documents, to conduct an *in camera* inspection to determine the following:

"*** During the *in camera* review, the court of appeals should first decide whether the documents contain trade secrets. *** If any of the documents withheld do contain trade secrets, then the court of appeals must determine whether those documents were submitted as part of the tax abatement application, or whether the documents were simply ancillary thereto. If any of those documents were submitted as part of the application, as that term is described in R.C. 1728.06, then the trade secret exception to disclosure does not apply, and the documents must be made available for inspection and copying. If any of the documents containing trade secrets were not submitted as part of the application, then they are not public documents, and they are exempt from disclosure."

{¶ 12} In the case at bar, the court of appeals held that although R.C. 1333.51(C) prohibits persons from divulging another's trade secrets without permission, the "teaching of *Allright* *** is that *all* documents submitted as part of an application to a public agency are public records open to public inspection, and the applicant waives any claim as to alleged trade secrets contained therein" and that "when one chooses to make its trade secret part of a public record (such as the

bid involved herein), such person has in effect consented to inspection of the information as part of the public record." (Emphasis *sic.*)

{¶ 13} The court of appeals erred. *Allright Parking*'s holding that trade secrets submitted as part of an application to a governmental body constitute public records was premised upon the applicability of R.C. 1728.06 to tax abatement applications. R.C. 1728.06 expressly states that these applications "shall be a matter of public record upon receipt by the mayor." Conversely, R.C. 1728.06 is inapplicable to the RFPs submitted by Aetna, Community Mutual, and Blue Cross to SERS. R.C. 3309.69(B) vests SERS with authority to enter into an agreement with insurance companies for the issuance of a medical benefits policy. Neither R.C. 3309.69 nor any other statutory provision makes these records, which might otherwise constitute trade secrets pursuant to R.C. 1333.51, subject to public disclosure.

{¶ 14} When a governmental body asserts that public records are excepted from disclosure and this assertion is challenged, the court in which the action is brought must conduct an *in camera* inspection of the documents. *Allright Parking*, *supra*. Seballos concedes on appeal that the court of appeals misapplied *Allright Parking* by failing to conduct the required *in camera* review of the subject records. Although Seballos now requests this court to conduct its own *in camera* inspection of the records at issue, it is the court of appeals' duty to make the individualized scrutiny of the records in question. *State ex rel. Beacon Journal Publishing Co. v. Radel* (1991), 57 Ohio St.3d 102, 103, 566 N.E.2d 661, 663. Further, to the extent that Seballos in effect requests this court to "instruct" the court of appeals that certain records are not trade secrets, we will not usurp the court of appeals' authority to render its initial determination, which it did not reach below because of its misinterpretation of this court's holding in *Allright Parking*.

{¶ 15} Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to that court for an *in camera* inspection of the subject records.

*Judgment reversed
and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

————————————