[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 1207.]

THE STATE EX REL. CITY OF CLEVELAND ET AL. *v*. PUBLIC UTILITIES COMMISSION OF OHIO ET AL.

[Cite as *State ex rel. Cleveland v. Pub. Util. Comm*., 1995-Ohio-179.]

*Motion to dismiss granted.*

(No. 95-946—Submitted July 12, 1995—Decided August 30, 1995.)

IN MANDAMUS.

―――――――――――

*Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., John R. Climaco, Anthony J. Garofoli, Glenn S. Krassen* and *Retanio Aj. Rucker*, for relators city of Cleveland and Michael R. White.

*Betty D. Montgomery*, Attorney General, *Duane W. Luckey* and *Steven T. Nourse*, Assistant Attorneys General, for respondents Public Utilities Commission and Gary E. Vigorito.

―――――――――――

{¶ 1} This cause is before the court on respondents' motion to dismiss. The motion is granted and the cause is dismissed.

MOYER, C.J., WRIGHT, RESNICK and COOK, JJ., concur.

DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., dissent.

―――――――――――

**DOUGLAS, J., dissenting.**

{¶ 2} I respectfully dissent. I would grant a peremptory, or, at the least, an alternative writ.

{¶ 3} The records sought by relator are in the possession of respondent and are part of a proceeding before the Public Utilities Commission of Ohio ("PUCO"). R.C. 4901.12 provides that "[a]ll proceedings of the public utilities commission and *all documents and records* in its possession are public records." (Emphasis added.)

R.C. 4905.07 provides that "[a]ll facts and information in the possession of the public utilities commission shall be public, and all *reports, records, files, books, accounts, papers, and memorandums of every nature* in its possession *shall* be open to inspection by interested parties or their attorneys." (Emphasis added.) It is difficult to imagine any language that could be more clear. The records sought should be released.

{¶ 4} Respondent contends that the information sought by relator is trade secret information and, thus, pursuant to the Trade Secrets Act, R.C. 1333.51 *et seq.,* respondent is prohibited from disclosing the documents in question.

{¶ 5} Respondent relies on the "prohibited by state * * * law" language of R.C. 149.43(A)(1).

{¶ 6} We answered the trade secret question in *State ex rel. Allright Parking of Cleveland, Inc. v. Cleveland* (1992), 63 Ohio St.3d 772, 591 N.E.2d 708, and *State ex rel. Seballos v. School Emp. Retirement Sys.* (1994), 70 Ohio St.3d 667, 640 N.E.2d 829. The documents sought by relator do not, in my opinion, contain "trade secrets" as defined in R.C. 1333.51(A)(3). But assume, for purposes of argument, that they do. It does not matter because R.C. 4901.12 and 4905.07 make release mandatory and the holdings of *Allright* and *Seballos* make that, as applied in this case, clear. If respondent seeks to prevent public disclosure of the service agreement in question, then respondent could withdraw the document and, in its place, file a "memorandum" of agreement which references the underlying agreement without revealing its total contents. This procedure is followed when a lease of property must be recorded but the parties to the lease desire the terms not to be public. This would afford the protection sought here by respondent. However, so long as the documents in question have been filed as part of the proceedings in the PUCO, pursuant to R.C. 4901.12 and 4905.07, the records are public. Because the majority does not so find, I respectfully dissent.

F.E. SWEENEY and PFEIFER, JJ., concur in the foregoing dissenting opinion.

January Term, 1995

_____