[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 168.]

THE STATE EX REL. THE MIAMI STUDENT ET AL. *v.* MIAMI UNIVERSITY ET AL.

[Cite as *State ex rel. The Miami Student v. Miami Univ*., 1997-Ohio-386.]

*Mandamus to compel Miami University to provide records of student disciplinary proceedings held before the University Disciplinary Board to the university's student newspaper—Writ granted, when.*

(No. 96-1596—Submitted January 21, 1997—Decided July 9, 1997.)

IN MANDAMUS.

_____

{¶ 1} In the spring of 1995, relator Jennifer Markiewicz, then editor in chief of Miami University's student newspaper, *The Miami Student*, sought records of student disciplinary proceedings held before the University Disciplinary Board ("UDB"). Markiewicz intended to use these records to develop a data base and to track student crime trends on campus. Initially, the university refused to provide Markiewicz with the requested records. Markiewicz, and her successor editor in chief, relator Emily Hebert, then made a written request pursuant to R.C. 149.43, the Ohio Public Records Act, for all UDB records kept in the years 1993-1996. In their letter, relators stated: "It is not a condition to this request that the subject records contain the name, social security number, student identification number, or other information that conveys the identity of any accused or convicted party. If this identifying information cannot be deleted from the aforementioned records, however, then the record[s] should be provided in their original form."

{¶ 2} On April 5, 1996, Miami University released copies of UDB records. However, in reliance upon the confidentiality provisions of the Family Educational Rights and Privacy Act ("FERPA"), Section 1232g(b), Title 20, U.S.Code, Miami officials deleted from these records the identity, sex, and age of the accuseds, as well as the date, time, and location of the incidents giving rise to the disciplinary

charges. University officials also deleted certain internal memoranda, written statements prepared by students appealing adverse UDB decisions, and the disposition of certain proceedings.

**{¶ 3}** Markiewicz and Hebert believed that the response to their public records request was inadequate and that Miami University was required to provide them with complete copies of the public records requested, redacted only with respect to the "name, social security number, or student I.D. number of any accused or convicted party." Since the university also deleted other information from the requested records, Markiewicz and Hebert filed an original mandamus action in this court against respondents, Miami University, Miami University Board of Trustees, University Disciplinary Board, Myrtis Powell, Vice President, Division of Student Affairs, and Mary Link, former Chair, University Disciplinary Board, seeking full disclosure of the UDB records requested.

**{¶ 4}** The cause is now before this court for final disposition upon the evidence and briefs.

———————————

*Sirkin, Pinales, Mezibov & Schwartz, Marc D. Mezibov* and *Ted L. Wills,* for relators.

*Betty D. Montgomery,* Attorney General; *Draper, Hollenbaugh & Briscoe Co., L.P.A., Gerald L. Draper* and *Margaret R. Carmany*, for respondents.

*Baker & Hostetler, Michael D. Dortch, David L. Marburger* and *Lisa Hammond Johnson,* urging issuance of the writ of mandamus for *amicus curiae* Ohio Coalition for Open Government.

*Betty D. Montgomery,* Attorney General; *Bricker & Eckler* and *Kurtis A. Tunnell,* urging denial of the writ of mandamus for *amici curiae* twenty-two Ohio public colleges and universities.

———————————

**FRANCIS E. SWEENEY, SR., J.**

**{¶ 5}** The issue before this court is whether relators are entitled to the requested records pertaining to Miami University Disciplinary Board proceedings for the years 1993-1996. Since we find that university disciplinary records are not "education records" under the federal law, FERPA**,** relators are entitled to these records under R.C. 149.43 subject to relators' own request that personal information regarding the students be deleted**.** Accordingly, for the reasons that follow, we grant relators a writ of mandamus.

**{¶ 6}** The Ohio Public Records Act is intended to be liberally construed "to ensure that governmental records be open and made available to the public *** subject to only a few very limited and narrow exceptions." *State ex. rel. Williams v. Cleveland* (1992), 64 Ohio St.3d 544, 549, 597 N.E.2d 147, 151. R.C. 149.43 therefore provides for full access to all public records upon request unless the requested records fall within one of the specific exceptions listed in the Act.

**{¶ 7}** Respondents contend that the requested records fall under one such exception, found in former R.C. 149.43(A)(1), now (A)(1)(o). This section excludes from the definition of public records those records "the release of which is prohibited by state or federal law." In particular, respondents argue that the records sought are exempted from release under the federal law, FERPA.

**{¶ 8}** Congress enacted FERPA, also known as the Buckley Amendment, in 1974. The Act was passed to provide access to educational records to students and parents while preventing educational institutions from carelessly releasing such information to the public. 88 Stat. 571, 572; 120 Congressional Record (1974) 39862-39866; *Bauer v. Kincaid* (W.D.Mo.1991), 759 F.Supp. 575, 589.

**{¶ 9}** Section 1232g(b)(1), Title 20, U.S.Code provides:

"No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained

therein other than directory information * * *) of students without the written consent of their parents * * *."

{¶ 10} Relators argue that FERPA is not an exception to Ohio's Public Records Act because the requested records are not education records.[1] Therefore, the records sought are subject to release. The Act defines "education records" as those records that "contain information directly related to a student" and that are "maintained by an educational agency or institution." Section 1232g(4)(A), Title 20, U.S.Code.

{¶ 11} In *Red & Black Publishing Co. v. Bd. of Regents of Univ. Sys. of Georgia* (1993), 262 Ga. 848, 427 S.E.2d 257, the Georgia Supreme Court was faced with the similar issue of whether FERPA restricts a public records request. In that case, the student newspaper at the University of Georgia sought access to records relating to the Organization Court of the Student Judiciary. The court initially questioned whether FERPA applies, since it does not actually prohibit the disclosure of records, but simply penalizes those educational institutions that engage in a policy or practice of disclosing such records by withdrawing that institution's federal funding. The court then held that FERPA does not prohibit the disclosure of such records. The court reasoned that the records sought, which involved infractions allegedly committed by fraternities, were not education records, since they did not relate to student academic performance, financial aid, or scholastic probation. In reliance upon this case, relators contend that respondents are likewise required to release the UDB records in their entirety because the records sought here do not involve academic performance, financial aid, or scholastic probation.

---

1. Relators make other arguments to support their position that the records do not fall within an exception to R.C. 149.43. However, we do not address these arguments since we find that FERPA is inapplicable on other grounds.

4

**{¶ 12}** In deciding this issue, we are mindful that inherent in R.C. 149.43 is the fundamental policy of promoting open government, not restricting it. Thus, the exceptions to disclosure are strictly construed against the custodian of public records in order to promote this public policy. *State ex rel. James v. Ohio State Univ.* (1994), 70 Ohio St.3d 168,169, 637 N.E.2d 911, 912. Any doubt of whether to disclose public records is to be resolved in favor of providing access to such records. *State ex rel. The Warren Newspapers, Inc. v. Hutson* (1994), 70 Ohio St.3d 619, 621, 640 N.E.2d 174, 177.

**{¶ 13}** With these principles in mind, we turn to the facts of this case. At Miami University, the University Disciplinary Board adjudicates cases involving infractions of student rules and regulations, such as underage drinking, but may also hear criminal matters, including physical and sexual assault offenses, which may or may not be turned over to local law enforcement agencies. Thus, the UDB proceedings are nonacademic in nature. The UDB records, therefore, do not contain educationally related information, such as grades or other academic data, and are unrelated to academic performance, financial aid, or scholastic performance. Consequently, we adopt the reasoning of the *Red & Black* decision, *supra*, and hold that university disciplinary records are not "education records" as defined in FERPA.

**{¶ 14}** Relators filed this complaint for a writ of mandamus in order to compile enough information from UDB hearings to effectively track crimes and student misconduct on campus. Respondents have prevented relators from accomplishing this task. By deleting relevant data, such as the general location of the alleged misconduct, and, in some instances**,** the type of punishment imposed**,** respondents have denied students at Miami University as well as the general public the right to obtain invaluable information, including when and where alleged offenses took place and how guilty offenders were punished.

**{¶ 15}** Unfortunately, at present, crimes and other student misconduct are escalating at campuses across the nation. For potential students, and their parents, it is imperative that they are made aware of all campus crime statistics and other types of student misconduct in order to make an intelligent decision of which university to attend. Likewise, for students already enrolled in a university, their safety is of utmost importance. Without full public access to disciplinary proceeding records, that safety may be compromised. By our decision today, we believe we are following the dictates of R.C. 149.43, which is to foster openness and to encourage the free flow of information where it is not prohibited by law.

**{¶ 16}** Since the release of the requested UDB records is not exempt from disclosure under R.C. 149.43(A)(1), respondents are required to comply with relators' public records request. In their request for university disciplinary proceeding records, relators informed the university that they need not disclose personal information regarding the students, such as their name, Social Security Number, student identification number, or other information that conveys the identity of the accused or convicted party. The university, however, not only deleted this information but also deleted the age and sex of the students charged with disciplinary violations, the dates, times, and locations of the incidents, and the disposition of certain proceedings. Although the university was warranted in deleting information that relators never sought, some of the information which it deleted was improperly withheld. Therefore, in accordance with relators' request, Miami University may delete from the UDB records the student's name, Social Security Number, and student identification number. The exact date and time of the alleged incident may also be deleted, since this constitutes other information that may lead to the identity of the student. The university must disclose, however, the general location of the incident, the age and sex of the student (which does not identify the student), the nature of the offense, and the type of disciplinary penalty imposed**.**

6

{¶ 17} Mandamus is the appropriate remedy to compel compliance with R.C. 149.43. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426, 639 N.E.2d 83, 88-89. Accordingly, we grant a writ of mandamus to compel respondents to provide the records specified above.

{¶ 18} We also find that relators are entitled to attorney fees and costs. R.C. 149.43(C). Relators' counsel is instructed to submit a bill to document their request for attorney fees in accordance with DR 2-106. *State ex rel. The Plain Dealer Publishing Co. v. Cleveland* (1996), 75 Ohio St.3d 31, 661 N.E.2d 187.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK and PFEIFER, JJ., concur.

COOK, J., dissents in part and concurs in part.

LUNDBERG STRATTON, J., dissents.

———————————

**COOK, J., dissenting in part and concurring in part.**

{¶ 19} I concur in Justice Lundberg Stratton's dissent but write separately to add the following observation. Miami University withheld by redaction information that should have been released. Review of the requested records shows that Miami University deleted the following information that was not personally identifiable, *i.e.*, information that would not be easily traceable to the student's identity: the age and sex of the student, the general location of the incident, any description of the student's conduct leading to the disciplinary violation, and the severity of the sanction imposed. Respondent additionally withheld entire records on the basis that they contained personally identifiable information. However, these records also contain information, such as that listed above, that would not make the student's identity easily traceable. Therefore, I would grant a limited writ requiring disclosure of the records with only personally identifiable information deleted.

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 20} I respectfully dissent from the majority. I would find that the Family Educational Rights and Privacy Act ("FERPA") requires respondents to delete "personally identifiable information" from student disciplinary records. "Personally identifiable information" includes the name of a student or student's family member and "information that would make the student's identity easily traceable." Section 99.3, Title 34, C.F.R.

{¶ 21} This court previously stated that Ohio's Public Records Act, at R.C. 149.43(A), expressly excludes records, the release of which would violate state or federal law. *State ex rel. Beacon Journal Publishing Co. v. Akron* (1994), 70 Ohio St.3d 605, 607, 640 N.E.2d 164, 166. As federal law, FERPA provides:

"No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information * * *) of students without the written consent of their parents * * *." Section 1232g(b)(1), Title 20, U.S.Code.

{¶ 22} Under FERPA, the statutory definition of "education records" is all-inclusive, covering "those records, files, documents, and other materials, which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." Section 1232g(a)(4)(A), Title 20, U.S.Code.

{¶ 23} FERPA threatens the loss of federal funds for a policy or practice of disclosure of education records. The majority finds that disciplinary records are not education records. However, I believe this finding is clearly contrary to the history, language and intent of FERPA, as is well documented by the Secretary of Education in promulgating the regulations implementing FERPA. Therefore, I believe we have no choice, despite my strong support for the value of open records in our society, but to follow Congress's dictates.

{¶ 24} The majority primarily relies on *Red & Black Publishing Co. v. Bd. of Regents of Univ. Sys. of Georgia* (1993), 262 Ga. 848, 427 S.E.2d 257, as authority for concluding that the disciplinary records in dispute are subject to release because they are not education records and, consequently, not subject to FERPA. However, *Red & Black* was decided prior to the 1995 amendments to regulations implementing FERPA, in which the Secretary of Education clarified that disciplinary records were always included as education records under FERPA.

{¶ 25} The 1995 amendments laid out a clear definition of "law enforcement records," which the statute had specifically exempted from the disclosure prohibition:

"*Law enforcement unit* means any individual, office, department, division, or other component of an educational agency or institution, such as a unit of commissioned police officers or non-commissioned security guards, that is officially authorized or designated by that agency or institution to -

"(i) Enforce any local, State, or Federal law, or refer to appropriate authorities a matter for enforcement of any local, State, or Federal law against any individual or organization other than the agency or institution itself; or

(ii) Maintain the physical security and safety of the agency or institution." Section 99.8(a)(1), Title 34, C.F.R.

{¶ 26} Because the University Disciplinary Board is not a law enforcement unit, the law-enforcement exception to FERPA does not apply.

{¶ 27} The Secretary of Education invited public comment before the amendments were promulgated. The Department of Education received over one hundred and fifty comments, with the majority of those responding stating that "to allow the release of student disciplinary records to the public without consent would compromise what they believe to be the fundamental educational mission of the campus judicial process." Some argued that "campus judicial systems have been

effective in responding to violations of institutional policy because of the privacy protections afforded to students by FERPA." 60 F.R. 3464.

{¶ 28} A minority of the comments dealt with the need to know about crime on campus. Concerning those comments, the Secretary stated, "[T]he issue of full public access to disciplinary hearing records concerning criminal and other non-academic misconduct is an important part of the ongoing debate concerning safety on college campuses and * * *, given the competing interest involved, these issues need to be aired and argued in the legislative arena." *Id.* As a result, the Secretary notified Congress of the need to address this important issue and offered to work with Congress in writing an appropriate amendment to FERPA. *Id.*

{¶ 29} In explaining the 1995 amendments, the Secretary of Education acknowledged the holding in *Red & Black*, but noted that another state court more recently had reached the opposite conclusion, citing *Shreveport Professional Chapter of Soc. of Professional Journalists v. Louisiana State Univ., Shreveport* (Mar. 4, 1994), First Judicial District Court, Caddo Parish, La., No. 393,332, which found that student disciplinary records were *not* akin to law enforcement records and were education records.

{¶ 30} Further, as in the *Shreveport* case, the relators argue that FERPA is not a law which prohibits disclosure, only that it provides for the withholding of federal funds for institutions that have a practice of releasing educational records. Regarding the question of whether FERPA prohibits not only funding but also disclosure, the court stated, "However, the intent of Congress to withhold millions of federal dollars from universities that violate [the] Buckley [Amendment] is ample prohibition, regardless of how the word 'prohibit' is construed by the plaintiffs." *Shreveport* at 17.

{¶ 31} In addition, Section 1232g(b)(6), Title 20, U.S.Code permits postsecondary institutions to disclose to a victim of a crime of violence the results of any disciplinary proceeding conducted by the institution against the perpetrator.

The Secretary noted that this specific statutory exception to the prohibition of disclosure, enacted in 1990 as part of the Student Right-to-Know and Campus Security Act, P.L. 101-542, Section 203, 104 Stat. 2381, 2385, and implemented by Section 99.31(a)(13), Title 34, C.F.R., demonstrated Congress's view that disciplinary records are education records under FERPA. 60 F.R. 3465. Information about the type and the amount of crime on college campuses is also available under Section 668.47(a)(6), Title 34, C.F.R. (Student Assistance General Provisions), which implements the Student Right-to-Know and Campus Security Act, and requires postsecondary institutions to report annually statistics regarding certain campus crimes, including sexual assaults, that have been reported to local police agencies or to any official of the institution who has significant responsibility for student and campus activities. 60 F.R. 3465.

{¶ 32} A federal administrative agency, the Department of Education, has definitively interpreted the issue of whether disciplinary records are education records. When interpreting statutes, courts must give due deference to an administrative interpretation formulated by an agency which has accumulated substantial expertise, and to which Congress has delegated the responsibility of implementing the congressional command. *Griggs v. Duke Power Co.* (1971), 401 U.S. 424, 433-434, 91 S.Ct. 849, 854-855, 28 L.Ed.2d 158, 165.

{¶ 33} The FERPA regulations leave no doubt that the records of the University Disciplinary Board are education records. In comments to the 1995 amendments, the Secretary of Education concluded:

"The Secretary remains legally constrained to conclude that records of an institution's disciplinary action or proceedings are 'education records' under FERPA, not law enforcement unit records, and that excluding these records from the definition of 'education records' can be accomplished only through a statutory amendment of FERPA by Congress." 60 F.R. 3464. Because their release is prohibited by federal law, as interpreted by a federal administrative agency, these

records fall under the exception to release under Ohio's Public Records Act, R.C. 149.43(A).

{¶ 34} Therefore, I would grant a limited writ, requiring disclosure of the records with any personally identifiable information, such as the name of the student, the date and time of the incident, or any other easily traceable information (*e.g.,* residence hall room numbers, names of roommates) deleted. Because most of these records have already been released with such deletions, I would deny attorney fees.

—————————