The Honorable Ralph Tanner State Representative, 10th District State Capitol, Room 426-S Topeka, Kansas 66612
Dear Representative Tanner:
You request our opinion on whether the Family Educational Rights and Privacy Act (FERPA) restricts a federally funded university's ability to release university parking ticket information to a university police officer in connection with the officer's investigation of a student for theft of a parking permit.
FERPA, at 20 U.S.C. § 1232g(b)(1) (Supp. 1997), provides:
 "No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information, as defined in paragraph (5) of subsection (a) of this section) of students without the written consent of their parents to any individual, agency, or organization, other than to the following. . . ."
We note that, pursuant to FERPA, law enforcement agencies generally need a subpoena to obtain education records. FERPA allows disclosure to:
 "[T]he entity or persons designated in any other subpoena issued for a law enforcement purpose, in which case the court or other issuing agency may order, for good cause shown, the educational agency or institution (and any officer, director, employee, agent, or attorney for such agency or institution) on which the subpoena is served, to not disclose to any person the existence or contents of the subpoena or any information furnished in response to the subpoena." 20 U.S.C.A. § 1232g(b)(1)(J)(ii) (Supp. 1997).
FERPA also allows disclosure to:
 "[O]ther school officials, including teachers within the educational institution or local educational agency, who have been determined by such agency or institution to have legitimate educational interests, including the educational interests of the child for whom consent would otherwise be required" 20 U.S.C.A. § 1232g(b)(1)(A) (Supp. 1997).
Arguably a university police officer is a "school official." However, under the facts presented, we do not view this subsection as authorizing disclosure to the university police officer because the police officer wanted the records for a criminal investigation, not for educational purposes.
Generally, FERPA would prohibit disclosure of the parking tickets only if the parking tickets are considered to be "education records." FERPA defines education records as follows:
 "For the purposes of this section, the term `education records' means, except as may be provided otherwise in subparagraph (B), those records, files, documents, and other materials which —
 "(i) contain information directly related to a student; and
 "(ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." 20 U.S.C.A. § 1232g(a)(4) (Supp. 1997).
This definition is very broad, however certain types of records are specifically excluded, including certain law enforcement records.
"The term `education records' does not include —
. . . .
 "(ii) records maintained by a law enforcement unit of the educational agency or institution that were created by that law enforcement unit for the purpose of law enforcement . . ." 20 U.S.C.A. § 1232g(a)(4)(B)(ii) (Supp. 1997).
The Department of Education, in its implementing regulations, has defined law enforcement unit and law enforcement records as follows:
 "(a) (1) Law enforcement unit means any individual, office, department, division, or other component of an educational agency or institution, such as a unit of commissioned police officers or non-commissioned security guards, that is officially authorized or designated by that agency or institution to —
 "(i) Enforce any local, State, or Federal law, or refer to appropriate authorities a matter for enforcement of any local, State, or Federal law against any individual or organization other than the agency or institution itself; or
 "(ii) Maintain the physical security and safety of the agency or institution.
 "(2) A component of an educational agency or institution does not lose its status as a law enforcement unit if it also performs other, non-law enforcement functions for the agency or institution, including investigation of incidents or conduct that constitutes or leads to a disciplinary action or proceedings against the student.
 "(b) (1) Records of a law enforcement unit means those records, files, documents, and other materials that are —
"(i) Created by a law enforcement unit;
"(ii) Created for a law enforcement purpose; and
"(iii) Maintained by the law enforcement unit.
"(2) Records of law enforcement unit does not mean —
 "(i) Records created by a law enforcement unit for a law enforcement purpose that are maintained by a component of the educational agency or institution other than the law enforcement unit; or
 "(ii) Records created and maintained by a law enforcement unit exclusively for a non-law enforcement purpose, such as a disciplinary action or proceeding conducted by the educational agency or institution." 34 C.F.R. § 99.8.
K.S.A. 1997 Supp. 74-3209 et seq. grant various state universities the authority to adopt and enforce parking rules and policies. K.S.A. 1997 Supp. 74-3215 provides:
 "Any person, firm, association or corporation which violates any of the provisions of this act or any rule or policy made thereunder shall be guilty of a misdemeanor and, upon conviction, shall be punished by a fine of not more than $25.00."
In referring to "this act," K.S.A. 74-3209 is clearly referring to sections 74-3202 through 74-3215, which were enacted together as L. 1957, Ch. 484, § 7. See Attorney General Opinion No. 77-227. These statutes purport to grant universities the authority to create parking policies which have the force and effect of law, similar to formal regulations. Cf. K.S.A. 75-4506 through 75-4508 which makes it a misdemeanor to park on State property in Shawnee County except as set forth in rules and regulations adopted by the Secretary of Administration.
We were not provided with information about which university is the subject of this opinion, or how its parking laws are enforced. It is possible, however, that a formal parking division could qualify as a law enforcement unit with the tickets exempt from FERPA as law enforcement records. According the Department of Education's regulations, the officers need not be commissioned. Assuming that the university's parking rules and policies are written in such a way that they are legally enforceable under K.S.A. 1997 Supp. 74-3215, the university parking division would be enforcing a law. The tickets then would be created by a law enforcement unit for a law enforcement purpose and maintained by the law enforcement unit. If such were the case, parking tickets would not be subject to FERPA confidentiality requirements.
If the parking ticket rules and policies are written in such a way that they are not enforceable under K.S.A. 1997 Supp. 74-3215, a parking ticket would be more analogous to a disciplinary action against a student. See 34 C.F.R. § 99.3(b) infra (defining disciplinary action.) While a few cases have discussed student disciplinary records and their treatment under FERPA, we do not find them persuasive since most are prior to, or do not refer to, recent amendments in FERPA which specifically refer to disciplinary records. See Red Black Pub. v.Board of Regents, 427 S.E.2d 257 (Ga. 1993); Bauer v. Kincaid,759 F. Supp. 575 (W.D.Mo. 1991) (considering what would now be criminal investigation records under recent amendments to FERPA). The most recent such case is the most problematic. In State Ex. Rel. v. MiamiUniversity, 680 N.E.2d 956 (Ohio 1997), cert denied 118 S.Ct 616, the court ordered redacted portions of student disciplinary records turned over to the student newspaper. The school officials were permitted to remove the student's name, social security number, and identifying number. The majority opinion, however, contains broad language allowing disclosure of disciplinary records, holding they are not "education records" as defined in FERPA. For this proposition the court relies onRed Black Publishing Company, supra.
The dissent in Miami University noted that the majority failed to address relevant portions of FERPA and the Department of Education's implementing regulations. 20 U.S.C.A. § 1232g(b)(6) (Supp. 1997) provides:
 "Nothing in this section shall be construed to prohibit an institution of postsecondary education from disclosing, to an alleged victim of any crime of violence (as that term is defined in section 16 of title 18), the results of any disciplinary proceeding conducted by such institution against the alleged perpetrator of such crime with respect to such crime."
20 U.S.C.A. § 1232g(h) (Supp. 1997) provides:
 "Nothing in this section shall prohibit an educational agency or institution from —
 "(1) including appropriate information in the education record of any student concerning disciplinary action taken against such student for conduct that posed a significant risk to the safety or well-being of that student, other students, or other members of the school community; or
 "(2) disclosing such information to teachers and school officials, including teachers and school officials in other schools, who have legitimate educational interests in the behavior of the student."
In explaining new regulations in response to an amendment of FERPA which clarified the definition of law enforcement records, the Secretary of Education commented:
 "The proposed regulations define for the first time both `law enforcement unit' and `disciplinary action or proceeding.' In contrast to law enforcement unit records, the Department has been legally constrained to treat the records of a disciplinary action or proceeding as `education records' under FERPA. . . ." 60 Fed. Reg. 3464.
The Secretary defined disciplinary action to mean
 "[T]he investigation, adjudication, or imposition of sanctions by an educational agency or institution with respect to an infraction or violation of the internal rules of conduct applicable to students of the agency or institution." 34 C.F.R. § 99.3(b).
The Secretary's interpretation of FERPA has not changed. A joint informational publication between the U.S. Department of Justice and the U.S. Department of Education entitled "Sharing Information: A Guide tothe Family Educational Rights and Privacy Act and Participation inJuvenile Justice Programs," June 1997, states:
 "Law enforcement unit records should not be confused with the records of a school's disciplinary actions or proceedings, which are education records."
We also note that the Department of Education has recently sued Miami University and the State of Ohio in federal court seeking to enjoin the university from disclosing disciplinary records.
While an agency's interpretation of a statute is not conclusive, it is given deference by courts. In this case, we agree with the Department of Education. There is no reason for FERPA to specifically mention situations in which disciplinary records could be disclosed, if there were not a general rule prohibiting disclosure.
In summary, we do not have sufficient information to answer what is a fact specific question. If a university's parking rules and policies are legally enforceable as a misdemeanor, then the parking tickets may be exempt from FERPA as law enforcement records and thus not subject to its confidentiality requirements. Alternately, it the parking tickets are only enforceable on an administrative level within the university, they are more analogous to disciplinary records, which we believe are "education records" which are generally closed by FERPA.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm