## MOTION DOCKET

**98–43.  State ex rel. Russell v. Thomas.**
In Mandamus.  On bill and documentation in support of request for attorney fees.

IT IS ORDERED by the court that relators' counsel submit evidence, preferably including an employment contract, specifying the attorney fees and hourly rates relators actually paid or are obligated to pay their attorneys for this mandamus action, within ten days of the date of this entry.  See *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro* (1998), 81 Ohio St.3d 1234, 690 N.E.2d 11;  *State ex rel. Dist. 1199, Health Care & Social Serv. Union, SEIU, AFL/CIO v. Lawrence Cty. Gen. Hosp.* (1999), 84 Ohio St.3d 1472, 704 N.E.2d 580.

**99–570.  DeRolph v. State.**
Perry C.P. No. 22043.  On motion for stay pending appeal of a remedial order issued by trial court. Stay granted.

DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., would also direct the parties to brief whether the trial court's judgment is a final appealable order, given its orders to the State Board of Education and the Superintendent of Public Instruction, and whether the trial court had authority to enter those orders.

RESNICK, J., dissents.

**99–576.  State v. Noland.**
Hamilton App. No. C–980390.  On motion for stay.  Motion denied.

MOYER, C.J., would grant the motion and continue the bond.

RESNICK, J., would grant the motion.

**99–584.  State ex rel. Budreaux v. Ryznar.**
In Mandamus.  *Sua sponte*, alternative writ granted.

RESNICK, PFEIFER and COOK, JJ., dissent and would dismiss the cause.

**99–608.  McKibben v. Samuels.**
Hamilton App. No. C–980156.  On motion for stay.  Motion denied.

MOYER, C.J., and COOK, J., would grant the motion and continue the bond.

**99–776.  State v. Harris.**
Cuyahoga App. No. 72687.  On motion for leave to file delayed appeal.  Motion denied.

**99–795.  Martin v. Todt.**
Stark App. No. 1998CA00259.  On motion for stay.  Motion denied.

**99–803.  State v. Parsons.**
Hamilton App. No. C–980209.  On motion for leave to file delayed appeal.  Motion granted.

MOYER, C.J., and DOUGLAS, J., would also appoint new counsel.

F.E. SWEENEY, J., dissents.

**99–811.  Hanlon v. Carpenter.**
In Habeas Corpus.  On petition for writ of habeas corpus by Kevin Patrick Hanlon.  *Sua sponte*, writ allowed for petitioner's improper bond revocation claim.  Allowing the writ means only that a return is ordered.  *Reed v. Kinkela* (1998), 84 Ohio St.3d 1427, 702 N.E.2d 903.  Respondents are ordered to file a return of writ within twenty days of service of the petition, and petitioner may file a response within ten days.  Petitioner's physical presence is not required.  *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1196.  IT IS FURTHER ORDERED that the remainder of petitioner's cause be dismissed.

RESNICK, J., dissents.