THE STATE EX REL. BESSER ET AL. *v.* OHIO STATE UNIVERSITY ET AL.

[Cite as *State ex rel. Besser v. Ohio State Univ.* (2000), 87 Ohio St.3d 535.]

(No. 99–394—Submitted November 16, 1999—Decided January 19, 2000.)

Law Office of Kenneth R. Besser and Kenneth R. Besser, for relators.

Betty D. Montgomery, Attorney General, Mark R. Weaver, Special Counsel to the Attorney General, Lisa Wu Fate and Jan Alan Neiger, Assistant Attorneys General, for respondents.

---

**Per Curiam.** The Bessers assert that they are entitled to a writ of mandamus to compel respondents to provide access to the withheld records concerning the Park Medical Center transaction. R.C. 149.43 requires complete access to all public records upon request unless the requested records fall within one of the specified exemptions. State ex rel. The Miami Student v. Miami Univ. (1997), 79 Ohio St.3d 168, 170, 680 N.E.2d 956, 958. One of the specified exemptions covers "[r]ecords the release of which is prohibited by state or federal law." R.C. 149.43(A)(1)(p); State ex rel. Nix v. Cleveland (1998), 83 Ohio St.3d 379, 383, 700 N.E.2d 12, 16.

Respondents claim that most of the withheld records constitute trade secrets, which are exempt from disclosure under state law. The Bessers counter that (1) although former R.C. 1333.51 exempted the disclosure of trade secrets under R.C. 149.43, the repeal of former R.C. 1333.51 in 1996 removed any trade-secrets exemption; (2) public entities like OSU cannot have trade secrets; and (3) respondents have not established that the records are trade secrets. The Bessers' contentions are considered seriatim.

### Uniform Trade Secrets Act: R.C. 149.43(A)(1)(p) Exemption

Before July 20, 1994, former R.C. 1333.51(C) provided that "[n]o person, having obtained possession of an article representing a trade secret or access thereto with the owner's consent, shall convert such article to his own use or that of another person, or thereafter without the owner's consent make or cause to be made a copy of such article, or exhibit such article to another." 132 Ohio Laws, Part I, 677. Former R.C. 1333.51(C) constituted a state law prohibiting the release of trade secrets under R.C. 149.43. State ex rel. Seballos v. School Emp. Retirement Sys. (1994), 70 Ohio St.3d 667, 670, 640 N.E.2d 829, 832; see State ex rel. Allright Parking of Cleveland, Inc. v. Cleveland (1992), 63 Ohio St.3d 772, 775, 591 N.E.2d 708, 710.

Effective July 20, 1994, the General Assembly enacted the Ohio Uniform Trade Secrets Act, R.C. 1333.61 through 1333.69, which provides for civil remedies, i.e., injunctive relief and damages, for the misappropriation of trade secrets. State ex

*rel. The Plain Dealer v. Ohio Dept. of Ins.* (1997), 80 Ohio St.3d 513, 523, 687 N.E.2d 661, 671. At the time of its enactment, the General Assembly retained the criminal prohibition against the disclosure of trade secrets in a slightly amended version of former R.C. 1333.51(C) ("No person, having obtained possession of or access to an article representing a trade secret with the owner's consent, shall convert the article to his own use or that of another person, shall make or cause to be made a copy of the article without the owner's consent, or shall exhibit the article to another person."). 145 Ohio Laws, Part III, 5404. On July 1, 1996, however, the General Assembly repealed R.C. 1333.51 with the enactment of Am.Sub.S.B. No. 2. 146 Ohio Laws, Part IV, 7136, 7138.

The Bessers claim that with the repeal of R.C. 1333.51, trade secrets are no longer exempt from disclosure under the R.C. 149.43(A)(1)(p) "prohibited by state or federal law" exemption. "In construing a statute, a court's paramount concern is the legislative intent in enacting the statute." *State ex rel. Richard v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund* (1994), 69 Ohio St.3d 409, 411, 632 N.E.2d 1292, 1295. We first look at the statutory language, giving the words used their usual, normal, or customary meaning. *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217, 1218; R.C. 1.42.

"Prohibit" is defined as "[t]o forbid by law" and "[t]o prevent." Black's Law Dictionary (7 Ed.1999) 1228; Webster's Third New International Dictionary (1986) 1813. The Ohio Uniform Trade Secrets Act, R.C. 1333.61 through 1333.69, forbids the unauthorized disclosure or acquisition of trade secrets by providing specific civil remedies, including injunction, R.C. 1333.62, a civil action for compensatory and punitive damages, R.C. 1333.63, attorney fees, R.C. 1333.64, and court preservation of trade secrets in a civil action under the Act, R.C. 1333.65. The Act also retained criminal remedies, whether or not based on the misappropriation of a trade secret. R.C. 1333.67(B)(3). In fact, the General Assembly has specified in other contexts that trade secrets, as defined by the Ohio Uniform Trade Secrets Act, are not public records for purposes of R.C. 149.43. See R.C. 122.36 and 1555.17.

The legislative history of the pertinent statutes supports this conclusion: that trade secrets remain exempt under R.C. 149.43(A)(1)(p), despite the enactment of R.C. 1333.61 through 1333.69 and the repeal of R.C. 1333.51. The purpose of the enactment of the Uniform Trade Secrets Act was merely "to make uniform the law with respect to their subject among states enacting them." R.C. 1333.68; see, also, Preamble to Am.Sub.H.B. No. 320, 145 Ohio Laws, Part III, 5403. There is also no evidence that the General Assembly intended its 1996 repeal of R.C. 1333.51 as part of Am.Sub.S.B. No. 2 to represent a departure from long-standing precedent exempting trade secrets from disclosure under R.C. 149.43. In other words, if the General Assembly had intended to divest trade secrets of

their exempt status under R.C. 149.43, it would have done so with unambiguous language, and because it did not do so, we must presume that the General Assembly intended that trade secrets retain their confidential nature. See *State ex rel. Sinay v. Sodders* (1997), 80 Ohio St.3d 224, 231–232, 685 N.E.2d 754, 760.

A contrary holding would afford no protection for an entity's trade secrets that are created or come into the possession of an Ohio public office and would render the remedies in R.C. 1333.61 through 1333.69 meaningless when a request for these records is made under R.C. 149.43. "We must also construe statutes to avoid unreasonable or absurd results." *State ex rel. Cincinnati Post v. Cincinnati* (1996), 76 Ohio St.3d 540, 543–544, 668 N.E.2d 903, 906; R.C. 1.47(C).

This holding is also supported by comparable cases in other jurisdictions that have adopted the Uniform Trade Secrets Act. For example, in *Progressive Animal Welfare Society v. Univ. of Washington* (1994), 125 Wash.2d 243, 884 P.2d 592, the Supreme Court of Washington held that the Washington Uniform Trade Secrets Act prohibited the disclosure of trade secrets under the "other statute" exemption to the Washington Public Records Act, which is comparable to R.C. 149.43(A)(1)(p).[1] The court held:

"[T]he State Uniform Trade Secrets Act (UTSA) defines a trade secret expansively * * *. Given the potential for unfunded biomedical grant proposals to eventuate in trade secrets as broadly defined by the statute, this 'other statute' operates as an independent limit on disclosure of portions of the records at issue here that have even potential economic value. The Public Records Act is simply an improper means to acquire knowledge of a trade secret." 125 Wash.2d at 262, 884 P.2d at 603; see, also, *Spokane Research & Defense Fund v. Spokane* (1999), 96 Wash.App. 568, 576–578, 983 P.2d 676, 682 (Uniform Trade Secrets Act qualifies under "other statute" exemption of state public records Act).

Based on the foregoing, given the language of the Ohio Uniform Trade Secrets Act, the manifest purpose behind this Act, the lack of a contrary unambiguous intent by the General Assembly to modify the exempt status of trade secrets under the Public Records Act, and persuasive precedent from another jurisdiction adopting the Uniform Trade Secrets Act, we hold that trade secrets remain exempt from disclosure under the "state or federal law" exemption of R.C. 149.43.

## Trade Secrets: Government Entities

The Bessers next contend that even if trade secrets remain a proper exemption under the "state or federal law" provision of R.C. 149.43(A)(1)(p) despite the 1996

---

1. Wash. Rev.Code 42.17.260(1) provides that "[e]ach agency, in accordance with published rules, shall make available for public inspection and copying all public records, unless the record falls within the specific exemptions of subsection (6) of this section, RCW 42.17.310, 42.17.315, or *other statute which exempts or prohibits disclosure of specific information or records.*" (Emphasis added.)

repeal of R.C. 1333.51, public entities like OSU and its employees are not entitled to the trade secret exemption for their own records that they created. Before Ohio's adoption of the Uniform Trade Secrets Act, we held that public offices cannot have their own protected trade secrets under former R.C. 1333.51 because "[t]he protection of competitive advantage in private, not public, business underpins trade secret law." *State ex rel. Toledo Blade Co. v. Univ. of Toledo Found.* (1992), 65 Ohio St.3d 258, 264, 602 N.E.2d 1159, 1163–1164.

*Toledo Blade,* however, preceded the enactment of the Ohio Uniform Trade Secrets Act, which specifically defines a "person" who can have trade secrets to include "governmental entities." R.C. 1333.61(C); see, also, R.C. 1333.61(B) and (D). In fact, in *Toledo Blade,* we relied on a case from Pennsylvania, a jurisdiction that has not adopted the Uniform Trade Secrets Act. 65 Ohio St.3d at 264, 602 N.E.2d at 1163–1164, fn. 2, citing *Hoffman v. Commw. of Pennsylvania Game Comm.* (1983), 71 Pa.Commw. 99, 455 A.2d 731.

In contrast, jurisdictions that have adopted the Uniform Trade Secrets Act hold that public entities like OSU can have their own trade secrets. See, *e.g., Scientific Games, Inc. v. Dittler Bros., Inc.* (Fla.App.1991), 586 So.2d 1128, 1131, where the Florida appellate court stated: "[W]e have no difficulty in agreeing that the agency was entitled to and did properly assert a trade secrets privilege as to the examiner's report."; *Progressive Animal Welfare Society, supra.* Our quotation of the *Toledo Blade* language in *State ex rel. Rea v. Ohio Dept. of Edn.* (1998), 81 Ohio St.3d 527, 532, 692 N.E.2d 596, 601, does not alter this result because the enactment in R.C. 1333.61(C) was not considered therein and we relied on OSU's public disclosure of the records it claimed to be protected trade secrets.

Therefore, OSU can have its own trade secrets under R.C. 1333.61.

### In Camera Inspection: Trade Secrets

The Bessers next claim that respondents have not established that the records constitute trade secrets, as that term is defined in R.C. 1333.61(D). " '[W]hen a governmental body asserts that public records are excepted from disclosure and such assertion is challenged, the court must make an individualized scrutiny of the records in question. If the court finds that these records contain excepted information, this information must be redacted and any remaining information must be released.' " *State ex rel. Master v. Cleveland* (1996), 75 Ohio St.3d 23, 31, 661 N.E.2d 180, 186–187, quoting *State ex rel. Natl. Broadcasting Co., Inc. v. Cleveland* (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph four of the syllabus.

We have applied this general rule to require *in camera* inspections in cases in which a public entity's claim that records are exempt as trade secrets is

challenged.  See *Plain Dealer*, 80 Ohio St.3d at 524, 687 N.E.2d at 671;  *Seballos*, 70 Ohio St.3d at 671, 640 N.E.2d at 832;  *Allright Parking*, 63 Ohio St.3d at 776, 591 N.E.2d at 711, quoting *State ex rel. Natl. Broadcasting Co. v. Cleveland* (1991), 57 Ohio St.3d 77, 81, 566 N.E.2d 146, 150 ("In cases such as these, '[a]n *in camera* inspection remains the best procedure' for determining whether records are excepted from disclosure.").

Consistent with the foregoing precedent and in view of the conclusory statements in the affidavits submitted by respondents to support their contention that the withheld records constitute trade secrets, an *in camera* inspection is necessary to determine if respondents' claims have merit.

### Intellectual Property; Attorney–Client Privilege

Respondents claim that two of the withheld records that are exempt trade secrets are also exempt from disclosure under R.C. 149.43(A)(1)(m) and (5) as "intellectual property records."  Again, an *in camera* inspection is necessary to determine if this exemption applies.  Respondents' affidavits are insufficient to establish that these records constitute intellectual property records.

Respondents further claim that two of the records are exempt from disclosure because they are covered by the attorney-client privilege.  The attorney-client privilege, which covers records of communications between attorneys and their government clients pertaining to the attorneys' legal advice, is a state law prohibiting release of these records.  *Nix*, 83 Ohio St.3d at 383, 700 N.E.2d at 16. Here, unlike the claimed exemptions for trade secrets and intellectual property records, respondents have submitted sufficient proof that these records are exempt and the Bessers do not assert that the records claimed by respondents to be covered by the attorney-client privilege are being improperly withheld. Therefore, the Bessers are not entitled to these records.

### Attorney Fees

The Bessers request an award of attorney fees for relator Susan Besser, M.D., who is represented by her husband, attorney Kenneth Besser.  There is, however, no evidence or argument that Susan Besser actually paid or is obligated to pay attorney fees to her husband for his representation of her in this case.  *State ex rel. Russell v. Thomas* (1999), 85 Ohio St.3d 1488, 709 N.E.2d 1215; *State ex rel. Dist. 1199, Health Care & Social Serv. Union, SEIU, AFL/CIO v. Lawrence Cty. Gen. Hosp.* (1999), 84 Ohio St.3d 1472, 704 N.E.2d 580; *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro* (1998), 81 Ohio St.3d 1234, 1235, 690 N.E.2d 11, 12 ("[T]he party against whom an award of fees is assessed should be responsible for those fees incurred only as a direct result of that party's failure to produce the public record.").  And Kenneth Besser is not entitled to an award for his own attorney fees.  *State ex rel. McGowan v. Cuyahoga Metro. Hous. Auth.*

(1997), 78 Ohio St.3d 518, 520, 678 N.E.2d 1388, 1389. Therefore, we deny the Bessers' request for attorney fees.

### Conclusion

Based on the foregoing, we hold that trade secrets remain exempt from disclosure under R.C. 149.43(A)(1)(p) and that governmental entities like OSU can have trade secrets, but that respondents should submit the records they claim to be exempt as trade secrets and intellectual property records to the court under seal for an *in camera* review. We also order respondents to submit the records that they have already provided to the Bessers in response to their public records request. Finally, we deny the Bessers' request for attorney fees and deny respondents' request for oral argument.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.