DEROLPH *v.* THE STATE OF OHIO.

[Cite as *DeRolph v. State* (1997), 79 Ohio St.3d 297.]

(No. 95–2066—Submitted June 25, 1997—Decided July 1, 1997.)

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

COOK, J., dissenting. I remain committed to the views expressed in my dissent on reconsideration of this case. *DeRolph v. State* (1997), 78 Ohio St.3d 419, 424, 678 N.E.2d 886, 890. The majority's order to Judge Lewis to deny a pending motion manifests the ill-conceived nature of this remand.

Our rules make provision only for a United States court to petition this court for an answer to a question of state law. S.Ct.Prac.R. XVIII. I find no authority, indeed it is unprecedented, for an Ohio common pleas court to petition this court as to how to rule on a pending issue, and it is even more anomalous that we should answer.

The Supreme Court of Ohio may prevent an inferior court from issuing an order which is unauthorized by the law, Section 2(B)(1)(d), Article IV, Ohio Constitution; see, *e.g., State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 671 N.E.2d 236, or even require an inferior tribunal to rule on a pending action. Section 2(B)(1)(e), Article IV, Ohio Constitution; see, *e.g., State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 671 N.E.2d 24. In every other situation, however, a lower court must render a judgment before we can pass upon it. Section 2(B)(2)(d) and (e), Article IV, Ohio Constitution.

I am tempted to call the majority's order advisory and, thus, prohibited. *N. Canton v. Hutchinson* (1996), 75 Ohio St.3d 112, 114, 661 N.E.2d 1000, 1002. But even that label does not quite fit the situation, since advisory opinions are normally sought by parties or another branch of government, not a lower tribunal. See, *e.g., Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 25 OBR 243, 495 N.E.2d 904; *Pfeifer v. Graves* (1913), 88 Ohio St. 473, 104 N.E. 529, paragraph five of the syllabus.

This court granted the trial court "plenary jurisdiction" to enforce the *DeRolph* decision. *DeRolph v. State* (1997), 78 Ohio St.3d 193, 213, 677 N.E.2d 733, 747, fn. 10. If we are to ultimately decide every issue presented to that court, as this "petition" foreshadows, then we would all be better served if the parties could seek such wisdom from us directly rather than be forced to resort to a go-between.

While recognizing this court's errant invitation to petition for just such advice, I would, nevertheless, dismiss the petition.