[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 297.]

DEROLPH *v*. THE STATE OF OHIO.

[Cite as *DeRolph v. State*, 1997-Ohio-88.]

(No. 95-2066—Submitted June 25, 1997—Decided July 1, 1997.)

ON PETITION REQUESTING GUIDANCE from the Perry County Court of Common Pleas, No. 22043.

———————————

{¶ 1} On June 19, 1997, Judge Linton D. Lewis, Jr. of the Perry County Common Pleas Court filed a petition requesting "guidance as to the role to be performed by this Court in regard to the presently pending Motion for Order and Schedule."

{¶ 2} The Motion for Order and Schedule referred to in Judge Lewis's petition, a copy of which was attached to Judge Lewis's petition, was filed by plaintiffs (appellants before this court), Dale R. DeRolph et al., and requested the trial court to order defendants (appellees before this court) to follow three steps pursuant to a schedule recommended by plaintiffs.

{¶ 3} Defendants filed in the trial court a memorandum opposing the issuance of such an order, a copy of which was attached to Judge Lewis's petition.

{¶ 4} Upon consideration of the foregoing matter, the trial court, in accordance with the original opinion of this court and the clarification thereof, should overrule the motion by plaintiffs requesting the trial court to issue plaintiffs' proposed order and schedule.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

———————————

**COOK, J., dissenting.**

**{¶ 5}** I remain committed to the views expressed in my dissent on reconsideration of this case. *DeRolph v. State* (1997), 78 Ohio St.3d 419, 424, 678 N.E.2d 886, 890. The majority's order to Judge Lewis to deny a pending motion manifests the ill-conceived nature of this remand.

**{¶ 6}** Our rules make provision only for a United States court to petition this court for an answer to a question of state law. S.Ct.Prac.R. XVIII. I find no authority, indeed it is unprecedented, for an Ohio common pleas court to petition this court as to how to rule on a pending issue, and it is even more anomalous that we should answer.

**{¶ 7}** The Supreme Court of Ohio may prevent an inferior court from issuing an order which is unauthorized by the law, Section 2(B)(1)(d), Article IV, Ohio Constitution; see, *e.g., State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 671 N.E.2d 236, or even require an inferior tribunal to rule on a pending action. Section 2(B)(1)(e), Article IV, Ohio Constitution; see, *e.g., State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 671 N.E.2d 24. In every other situation, however, a lower court must render a judgment before we can pass upon it. Section 2(B)(2)(d) and (e), Article IV, Ohio Constitution.

**{¶ 8}** I am tempted to call the majority's order advisory and, thus, prohibited. *N. Canton v. Hutchinson* (1996), 75 Ohio St.3d 112, 114, 661 N.E.2d 1000, 1002. But even that label does not quite fit the situation, since advisory opinions are normally sought by parties or another branch of government, not a lower tribunal. See, *e.g., Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 25 OBR 243, 495 N.E.2d 904; *Pfeifer v. Graves* (1913), 88 Ohio St. 473, 104 N.E. 529, paragraph five of the syllabus.

**{¶ 9}** This court granted the trial court "plenary jurisdiction" to enforce the *DeRolph* decision. *DeRolph v. State* (1997), 78 Ohio St.3d 193, 213, 677 N.E.2d 733, 747, fn.10. If we are to ultimately decide every issue presented to that court,

as this "petition" foreshadows, then we would all be better served if the parties could seek such wisdom from us directly rather than be forced to resort to a go-between.

{¶ 10} While recognizing this court's errant invitation to petition for just such advice, I would, nevertheless, dismiss the petition.

———————————