[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 34.]

THE STATE EX REL. THE TOLEDO BLADE COMPANY *v*. BOARD OF HANCOCK COUNTY COMMISSIONERS.

[Cite as *State ex rel. The Toledo Blade Co. v. Hancock Cty. Bd. of Commrs.*, 1998-Ohio-299.]

*Public records—Mandamus compelling Hancock County Board of Commissioners to provide relator access to all records relating to the terms of a settlement agreement containing a confidentiality provision in a civil rights violation lawsuit—Writ denied for mootness when relator has been given a copy of the settlement agreement—Attorney fees granted, when.*

(No. 97-1013—Submitted March 24, 1998—Decided May 20, 1998.)

IN MANDAMUS.

———————————

{¶ 1} In April 1995, Clifton E. Baxter filed a complaint in federal district court alleging that Hancock County and other parties had committed civil rights and additional violations against him. Baxter requested a judgment in excess of four million dollars and an order that the county implement training and supervision of sheriff's deputies and officers in the areas of lawful arrest, search and seizure, and interrogation.

{¶ 2} In May 1997, respondent, Hancock County Board of County Commissioners ("board"), adopted a resolution that approved an agreement settling Baxter's suit. The board's resolution noted that the settlement agreement and its incorporated confidentiality provision resulted from negotiations among all of the parties to the federal case. The resolution referred to but did not describe the terms of the settlement agreement.

{¶ 3} According to relator, The Toledo Blade Company, a division of Blade Communications, Inc. ("The Blade"), one of its employees subsequently requested

to inspect all documents in the board's custody or control that related to the settlement terms. The board refused The Blade's request because the agreement was in the possession of the private attorney who represented the county's insurer, and the agreement contained a confidentiality provision.

{¶ 4} The Blade then filed this action for a writ of mandamus to compel the board to provide access to all records relating to the terms of the settlement agreement. The Blade also requested attorney fees. After the board filed an answer, which asserted that The Blade had never specifically requested the settlement agreement, we granted an alternative writ. 79 Ohio St.3d 1486, 683 N.E.2d 789. In October 1997, we issued our decision in *State ex rel. Findlay Publishing Co. v. Hancock Cty. Bd. of Commrs.* (1997), 80 Ohio St.3d 134, 684 N.E.2d 1222, granting a peremptory writ of mandamus to compel the board to provide access to the settlement agreement under Ohio's Public Records Act, R.C. 149.43, and awarding attorney fees to the Findlay Publishing Company.[1] The board then gave a copy of the settlement agreement to The Blade.

{¶ 5} The cause is now before this court upon the evidence submitted by the parties and The Blade's merit brief. The board did not file a brief.

––––––––––––––––––

*Fritz Byers*, for relator.

*Robert A. Fry*, Hancock County Prosecuting Attorney, for respondent.

*Baker & Hostetler LLP, David L. Marburger* and *Beth A. Brandon*, urging issuance of the writ for *amicus curiae*, Ohio Coalition for Open Government.

––––––––––––––––––

*Per Curiam.*

––––––––––––––––––

1. While The Blade and Findlay Publishing Company requested access to the same settlement agreement, the board claimed in its answer here that The Blade, unlike Findlay Publishing Company, did not specifically request access to the settlement agreement. Given this unresolved factual issue, we granted an alternative writ rather than a peremptory writ.

R.C. 149.43; Mandamus

{¶ 6} The Blade initially requested a writ of mandamus to compel the board to provide access to the settlement agreement. Mandamus is the appropriate remedy to compel compliance with R.C. 149.43. *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 426-427, 639 N.E.2d 83, 89.

{¶ 7} As The Blade concedes, its mandamus claim is moot because the board has now given it a copy of the settlement agreement. *State ex rel. Thomson v. Doneghy* (1997), 80 Ohio St.3d 222, 685 N.E.2d 537. Therefore, we deny the writ of mandamus based on mootness.

Request for Attorney Fees

{¶ 8} The Blade requests attorney fees. "A court may award attorney fees pursuant to R.C. 149.43 where (1) a person makes a proper request for public records pursuant to R.C. 149.43, (2) the custodian of the public records fails to comply with the person's request, (3) the requesting person files a mandamus action pursuant to R.C. 149.43 to obtain copies of the records, and (4) the person receives the requested public records only after the mandamus action is filed, thereby rendering the claim for a writ of mandamus moot." *State ex rel. Pennington v. Gundler* (1996), 75 Ohio St.3d 171, 661 N.E.2d 1049, syllabus.

{¶ 9} The Blade satisfied the third and fourth *Pennington* requirements. It received access to the settlement agreement only after it filed this mandamus action.

{¶ 10} Further, the Blade has established the remaining *Pennington* requirements. Although the board presented evidence disputing the propriety of The Blade's request and the board's failure to comply with that request, even the board's clerk's affidavit states that The Blade requested "paperwork" on the settled case, which is broad enough to include the settlement agreement. See *State ex rel. Gannett Satellite Info. Network v. Shirey* (1997), 78 Ohio St.3d 400, 401, 678 N.E.2d 557, 559 ("R.C. 149.43 is to be construed liberally in favor of broad access, and any doubt is to be resolved in favor of disclosure of public records.").

According to The Blade, it specifically requested to inspect all records relating to the settlement terms. The board also failed to file a merit brief disputing the propriety of an award of attorney fees. See S.Ct.Prac.R. X(11) ("If the respondent fails to file a merit brief within the time provided by this rule or as ordered by the Supreme Court, the Supreme Court may accept the relator's statement of facts and issues as correct * * *."). The settlement agreement is a public record, notwithstanding any confidentiality provision or possession of it by the attorney for the board's insurer. *Findlay Publishing Co.*

{¶ 11} Under our unanimous holding in *Findlay Publishing Co.*, 80 Ohio St.3d at 139, 684 N.E.2d at 1226, The Blade is thus entitled to an award of attorney fees because it "has established a sufficient public benefit [by the provision of access to the requested settlement agreement], and the board failed to comply with its records request for reasons that were unreasonable and unjustifiable."

{¶ 12} Based on the foregoing, we award attorney fees to The Blade, and order its counsel to submit a bill and documentation in support of attorney fees in accordance with DR 2-106(B).

*Judgment accordingly.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment only.

_____