**[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 51.]**

THE STATE EX REL. BOARD OF EDUCATION OF YOUNGSTOWN CITY SCHOOL
DISTRICT *v*. CITY OF YOUNGSTOWN ET AL.

[Cite as *State ex rel. Youngstown City School Dist. Bd. of Edn. v. Youngstown*,
1998-Ohio-501.]

*Public records—Mandamus to compel city of Youngstown et al. to provide relator*
*access to all records related to the Northeast Ohio Correctional Center,*
*including records of any attempt to grant or enhance a tax exemption for*
*the prison—Peremptory writ granted, when—Attorney fees awarded,*
*when.*

(No. 98-1428–Submitted September 28, 1998–Decided December 2, 1998.)

IN MANDAMUS.

————————————

**{¶ 1}** In 1996, respondent city of Youngstown entered into a contract with
Corrections Corporation of America, Inc. ("CCA"). The contract required CCA to
build and operate a private, medium-security prison, in return for a three-year, one-
hundred-percent exemption from taxation. In 1997, the Youngstown City Council
enacted a resolution requiring respondent Youngstown Law Director Robert Bush
to bring an action against CCA for breach of the prison contract. The city then
claimed that following the city council's action, it entered into a contract with CCA
modifying the three-year, one-hundred-percent exemption to a ten-year, seventy-
five-percent exemption, with CCA to pay the city an amount equal to fifty percent
of the school and other property taxes abated.

**{¶ 2}** In June 1998, relator, the Board of Education of the Youngstown City
School District, requested Law Director Bush to provide access under Ohio's
Public Records Act, R.C. 149.43, to "all documents belonging to, in the possession,
custody or control of, or available to the City of Youngstown, including, without

limitation any department, division, agency or board thereof, including, without limitation, the officials, officers, employees, attorneys, or agents of any of the foregoing  * * *, relating to any aspect of the project commonly known as the Northeast Ohio Correctional Center." The records the board requested included records of any attempt by the city to grant or enhance the tax exemption for the prison.

{¶ 3} In July 1998, Bush advised the board that respondent Jeffrey Chagnot, Assistant to the Youngstown Mayor on Economic Development, had possession of the requested records and that the board could obtain copies from Chagnot. The board then requested that Chagnot provide access to the records. Chagnot did not respond to the request. Subsequent repeated requests by the board to Bush and Chagnot were similarly futile. Neither the city nor any of its representatives ever claimed that the requested records were exempt from disclosure.

{¶ 4} The board subsequently filed this action for a writ of mandamus to compel respondents, Youngstown, Mayor George McKelvey, Finance Director Barbara Burtner, Bush, and Chagnot, to provide access to all records relating to the Northeast Ohio Correctional Center, including records of any attempt to grant or enhance a tax exemption for the prison. The board also requested attorney fees. Although the respondents were properly served with copies of the board's complaint, they failed to plead or otherwise defend as provided by S.Ct.Prac.R. X and the Rules of Civil Procedure. The board thereafter moved for issuance of a peremptory writ based on its complaint and respondents' failure to file anything in response. Respondents failed to file any timely response to the board's motion.

{¶ 5} This cause is now before the court for its determination under S.Ct.Prac.R. X(5).

———————————

*Green & Hughes Co., L.P.A.*, and *Martin J. Hughes III*, for relator.

———————————

***Per Curiam.***

**{¶ 6}** Under S.Ct.Prac.R. X(5), after the time for filing an answer to the complaint or motion to dismiss, we will either dismiss the case or issue an alternative or peremptory writ.  If it appears beyond doubt that the board is entitled to the requested extraordinary relief, a peremptory writ should issue.  *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 583, 669 N.E.2d 835, 839.

**{¶ 7}** The board essentially requests a default judgment granting a peremptory writ of mandamus because of the board's failure to file a timely response to the mandamus complaint.  When appropriate, a default judgment may be entered in a mandamus action.  *State ex rel. Spirko v. Court of Appeals* (1986), 27 Ohio St.3d 13, 27 OBR 432, 501 N.E.2d 625.  But a default judgment may be entered against a political subdivision and its officers only if "the claimant establishes his claim or right to relief by evidence satisfactory to the court."  Civ.R. 55(D); see, also, Civ.R. 8(D) and S.Ct.Prac.R. X(2).  Therefore, in these cases, the court looks beyond the simple admissions resulting from a failure to serve a responsive pleading.  *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 112, 637 N.E.2d 325, 326.

**{¶ 8}** Here, as in *Shimola*, 70 Ohio St.3d at 112-113, 637 N.E.2d at 326-327, the board established its right to a writ of mandamus to compel access to the requested records by satisfactory evidence.  The board requested access to public records, respondents refused the board's requests, and respondents never asserted any exemption from disclosure.  "Exemptions from disclosure must be strictly construed against the public records custodian, and the custodian has the burden to establish an exemption."  *State ex rel. Gannett Satellite Info. Network, Inc. v. Petro* (1997), 80 Ohio St.3d 261, 266, 685 N.E.2d 1223, 1228.  Respondents also did not file anything in response to the board's motion for a peremptory writ.

**{¶ 9}** Based on the foregoing, we grant a peremptory writ of mandamus to compel respondents to provide the board with access to all records related to the Northeast Ohio Correctional Center, including records of any attempt to grant or enhance a tax exemption for the prison.

**{¶ 10}** In addition, the board is entitled to an award of attorney fees. They have established a sufficient public benefit by the provision of access to the requested records. Respondents failed to comply with the board's numerous records requests and failed to specify any reasons justifying their noncompliance. See *State ex rel. Toledo Blade Co. v. Hancock Cty. Bd. of Commrs.* (1998), 82 Ohio St.3d 34, 37, 693 N.E.2d 787, 788-789. In fact, respondents did not file anything in opposition to the board's mandamus action or its request for attorney fees. The board's counsel is ordered to submit a bill and documentation in support of attorney fees in accordance with DR 2-106(B).

**{¶ 11}** Accordingly, we grant the peremptory writ of mandamus and award attorney fees.

*Writ granted.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————