**[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 1225.]**

DEROLPH ET AL., APPELLEES, *v*. THE STATE OF OHIO ET AL., APPELLANTS.

[Cite as *DeRolph v. State*, 2001-Ohio-265.]

*Schools—Funding—Motion for order to pay costs of unfunded mandates, to file master plan, and to file subsequent progress reports—Evidence ordered to be filed.*

(No. 99-570—Submitted January 9, 2001—Decided January 25, 2001.)

APPEAL from Perry County Court of Common Pleas, No. 22043.

————————————

{¶ 1} This cause is pending before the court as an appeal of right from the Court of Common Pleas of Perry County. On December 8, 2000, appellees filed a motion for an order requiring appellants to pay the costs of the unfunded mandates, to file a master plan, and to file subsequent progress reports.

{¶ 2} On May 11, 2000, this court ordered that this matter be continued to June 15, 2001, at which time the court would establish a briefing schedule. To facilitate the court's consideration of this matter prior to July 1, 2001, which begins the fiscal years 2002-2003 biennial budget period,

{¶ 3} IT IS ORDERED by the court, *sua sponte*, that the parties file any evidence they intend to present as early as practicable but no later than June 15, 2001.

{¶ 4} IT IS FURTHER ORDERED that the parties and *amicus curiae* file their merit briefs no later than June 18, 2001. Responsive briefs and stipulated extensions of time pursuant to S.Ct.Prac.R. XIV(3)(B)(2)(a) will not be permitted.

{¶ 5} IT IS FURTHER ORDERED that oral argument is set for June 20, 2001, with time and length of oral argument to be set by further order of the court.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur separately.

COOK, J., dissents to the entry and to the separate concurring opinion.

_____

**ALICE ROBIE RESNICK, J**., **concurring.**

{¶ 6} I write separately to underscore the fact that *DeRolph v. State* (2000), 89 Ohio St.3d 1, 728 N.E.2d 993 ("*DeRolph II*"), set June 15, 2001, as a deadline for the state to comply with the decisions of this court. In its decision of May 11, 2000, in *DeRolph II*, a majority of this court indicated that a briefing schedule would be set. *Id*. at 38, 728 N.E.2d at 1022. However, this detail in no way diminishes the fact that the date of June 15 was set as a deadline for the state to provide each child in Ohio with a thorough and efficient system of common schools as mandated by the Constitution. The state, on that date, should be prepared to file with this court a complete account of its enactments that will reflect compliance with the decisions of this court in both *DeRolph I* and *DeRolph II*. See *DeRolph v. State* (1997), 78 Ohio St.3d 193, 677 N.E.2d 733 ("*DeRolph I*"). These enactments should include, but are not limited to, a complete set of statewide academic standards, requirements that all school buildings be brought up to fire and building codes, elimination of overreliance on local property taxes, funding for all state mandates, and an accurate determination of the per-pupil cost of an adequate education to be funded immediately.

{¶ 7} It is of the utmost importance to require the state to address all of the requirements set forth in the *DeRolph* decisions by the deadline of June 15, 2001. As the entry reads, simply requiring briefing by both sides by June 18, 2001 does not emphasize the finality of the June 15 deadline and may unnecessarily prolong the resolution of the constitutionality of school funding in Ohio to some unknown future date. As the entry is drafted, it implies that this issue may continue after the June 15 deadline as set by this court on May 11, 2000, in *DeRolph II*.

**{¶ 8}** This issue is of grave importance, and the state will have had ample time by June 15 to arrive at specific enactments of law that will ensure a thorough and efficient system of public schools for every child in Ohio.  The burden is upon the state to establish that it has complied with the orders of this court.

DOUGLAS and F.E. SWEENEY, JJ., concur in the foregoing opinion.

———————————