[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 1274.]

DEROLPH ET AL., APPELLEES, *v*. THE STATE OF OHIO ET AL., APPELLANTS.

[Cite as *DeRolph v. State*, 2001-Ohio-1347.]

*School funding—Motion to compel discovery granted—Motion for protective order denied—Parties urged to cooperate during short discovery period.*

(No. 99-570—Submitted May 2, 2001—Decided May 11, 2001.)

APPEAL from the Court of Common Pleas of Perry County, No. 22043.

ON MOTION for Expedited Order to Compel Defendants-Appellants to Respond to Discovery.

ON MOTION for Clarification, to Quash Subpoenas, and for Protective Order.

_____

**MOYER, C.J.**

{¶ 1} We have ordered the parties to "file any evidence they intend to present" to this court "as early as practicable but no later than June 15, 2001." *DeRolph v. State* (2001), 91 Ohio St.3d 1225, 741 N.E.2d 533. We further ordered the parties to simultaneously file their merit briefs on June 18, 2001. *Id.* We have set oral argument on the merits for June 20, 2001. *Id.*

{¶ 2} In cross-motions now before us the parties disagree as to whether discovery mechanisms, such as depositions and written interrogatories, are available to them as they work towards satisfying the order of this court. The state contends that discovery is not available in any form, and that it has no duty to respond to discovery requests which have been served upon them by the plaintiffs. We do not accept this argument.

{¶ 3} The plaintiffs rely on S.Ct.Prac.R. X and Section 2(B)(1)(f), Article IV of the Ohio Constitution to support their contention that discovery is available. Section 2(B)(1), Article IV provides:

"The supreme court shall have original jurisdiction in the following:

"* * *

"(f) In any cause on review as may be necessary to its complete determination."

{¶ 4} S.Ct.Prac.R. X(2) provides that "[a]ll original actions shall proceed under the Ohio Rules of Civil Procedure, unless clearly inapplicable." Section 1 of S.Ct.Prac.R. X provides that Rule X "applies only to actions, other than habeas corpus, within the original jurisdiction of the Supreme Court under Article IV, Section 2 of the Ohio Constitution."

{¶ 5} The state counters that this case is not an "original action" but rather an appeal, and that S.Ct.Prac.R. X(2) therefore does not apply.

{¶ 6} In the final analysis, it is clear that Section 2(B)(1)(f), Article IV of the Ohio Constitution vests this court with original jurisdiction "*[i]n any cause on review as may be necessary to its complete determination.*" This constitutional provision clearly authorizes us to make orders in the case at bar, including an order that the discovery provisions of the Rules of Civil Procedure shall be deemed applicable, whether S.Ct.Prac.R. X applies according to its own terms or not. We so order.

{¶ 7} When *DeRolph II* was decided, this court considered several options regarding the proper procedure that should thereafter be implemented. The plaintiffs urged the appointment of a special master. We rejected that proposal. *DeRolph v. State* (2000), 89 Ohio St.3d 1, 38, 728 N.E.2d 993, 1022. We could have ordered a remand to the Perry County Common Pleas Court, as had been done in *DeRolph v. State* (1997), 78 Ohio St.3d 193, 677 N.E.2d 733 ("*DeRolph I*"). The court declined to do so, deciding instead to retain continuing jurisdiction. 89 Ohio St.3d at 38, 728 N.E.2d at 1022.

{¶ 8} The state contends that the retention of continuing jurisdiction by this court in May 2000 reflects a decision by this court that further proceedings would thereafter be conducted under traditional appellate procedure, which excludes discovery. It argues that, had the court anticipated a need for discovery, it would have

remanded the cause to the trial court for a full evidentiary hearing, as it did after *DeRolph I*.

{¶ 9} It has previously been observed that "the most expeditious means of removing the uncertainty regarding the constitutionality of the new [statutory school-funding] plan is for this court to issue an order retaining jurisdiction in this court. If it proves necessary to provide a forum for the submission of evidence or to take further action at the expiration of the twelve-month stay, we have the authority to appoint a special master or issue other orders as might be appropriate." *DeRolph v. State* (1997), 78 Ohio St.3d 419, 422, 678 N.E.2d 886, 888-889 (Moyer, C.J., concurring in part and dissenting in part). The state's contention is not compatible with the prior orders of the court and is therefore rejected.

{¶ 10} It is undoubtedly true that *DeRolph* is not an original action in this court as that term is traditionally used. The case originated in the Common Pleas Court of Perry County and we ultimately accepted jurisdiction. However, at this stage of the proceedings, *DeRolph* is not a traditional appeal, in which the court has a previously established record available for review. Rather, *DeRolph* has become a hybrid that will require this court to engage both in factfinding and application of law to those facts to determine whether the state has complied with prior orders of this court.

{¶ 11} But before the court can determine whether the state's funding system now is constitutional, the parties must establish a record of events that have occurred since *DeRolph II*, and the likely effects that the legislation enacted in response to that decision will produce. Because the court has not provided for a traditional evidentiary hearing involving examination and cross-examination of witnesses, that record must, by default, be created by other means, *i.e.*, filed depositions, affidavits, documents, etc.

{¶ 12} The state contends that plaintiffs can adequately collect all the relevant evidence they might need using methods available to them by virtue of their being members of the public, implying that plaintiffs can, for example, *e.g.*, use R.C. 149.43,

the Public Records Act. The rules do not restrict the plaintiffs to that method, particularly given the fact that a majority of this court has twice found the state to have been deficient in meeting its constitutional responsibilities, and in view of the fact that the parties continue to be involved in civil litigation.

{¶ 13} The state further argues that the plaintiffs' requests for discovery are unnecessarily broad and burdensome, and include requests for disclosure of privileged information. We are not unsympathetic to the state's position. However, the state must, at a minimum, respond and, if necessary, frame any issues regarding the legitimacy of specific discovery requests by way of objection, as provided for in the Civil Rules.

{¶ 14} The plaintiffs have represented to us that they are "more than willing to sit down with the State to discuss what the State can produce, when it can be produced, and when depositions can be taken." We urge the parties to cooperate with each other now in order to avoid the need for further involvement of the court during the short discovery period that remains.

{¶ 15} If, however, the state and the plaintiffs cannot reach agreement as to the conduct of discovery, ultimately this court may be called upon to finally resolve those disagreements. Accordingly, and unfortunately, the potential exists that application of the discovery provisions contained in the Rules of Civil Procedure could hinder rather than expedite a prompt resolution of this case.

{¶ 16} As previously observed, *DeRolph* remains "a unique case in which a unique remedy was ordered." *State ex rel. Taft v. Franklin Cty. Court of Common Pleas* (1998), 81 Ohio St.3d 1244, 1245, 691 N.E.2d 677. The merit issue is now the law of the case as established by the majority.

{¶ 17} All participants in this long-lived litigation, including the parties, their counsel, and the courts, should do everything in their power to achieve a final resolution. "If the parties affected by the decision of this court act responsibly and expeditiously to comply with the order of the court, we have a corresponding duty, in

this extraordinary case, to provide a procedure by which this court can, as expeditiously as possible, determine whether the parties have complied with the order of March 24, 1997." *DeRolph v. State*, 78 Ohio St.3d at 423, 678 N.E.2d at 889 (Moyer, C.J., concurring in part and dissenting in part).

*So ordered.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

_____

*Bricker & Eckler, L.L.P., Nicholas A. Pittner, John F. Birath, Jr., Sue W. Yount, Quintin F. Lindsmith* and *Susan B. Greenberger*, for appellees.

*Betty D. Montgomery*, Attorney General, *Mary Lynn Readey*, *Roger F. Carroll* and *James G. Tassie*, Assistant Attorneys General, for appellants.

_____