[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 586.]

[THE STATE EX REL.] KIM *v.* WACHENSCHWANZ, MARSHAL.

[Cite as *State ex rel. Kim v. Wachenschwanz*, 2001-Ohio-1616.]

*Public records—Mandamus sought to compel village of Chauncey's auxiliary police force marshal to provide relator access to log books and time sheets of all Chauncey police personnel from January 1, 2001 through May 30, 2001—Writ granted, when—Attorney fees awarded, when.*

(No. 01-1176—Submitted September 18, 2001—Decided November 14, 2001.)

IN MANDAMUS.

_____

*Per Curiam.*

{¶ 1} Ordinance No. 10-19-99 of the village of Chauncey, Ohio, created the village's auxiliary police force and imposed upon it the following pertinent duties:

"e)  All police personnel must keep an accurate log concerning the time when they are on duty and the mileage they put on the police cruiser.  The Marshal is to present the log sheets at each council meeting.

"* * *

"g)  There will be a patrol log of every officer on duty.

"* * *

"k) There is to be more patrolling of the Village and each auxiliary shall perform at least fifteen (15) hours a month in the Village and 1/3 of those hours to be foot patrol.  The Marshal shall perform at least 1/3 of his schedule on foot patrol.  All hours will be logged.

"* * *

"t)  All log sheets will be brought to council meetings for review by council members.  * * *

"* * *

"x) The Marshal will keep all records of the officers on duty, and make them available to council as requested."

{¶ 2} Relator, Brenda Kim, a village council member since March 2001, had requested these records from respondent, Village Marshal Charles Wachenschwanz, as well as from other village officials, on several occasions, but despite the village solicitor's advice, they failed to produce these records.

{¶ 3} By letter dated May 30, 2001, Kim requested that Wachenschwanz provide her with access to the following records: (1) logbooks of all Chauncey police personnel from January 1, 2001 through May 30, 2001; (2) time sheets of all Chauncey police personnel from January 1, 2001 through May 30, 2001; and (3) Wachenschwanz's police report concerning a theft that had occurred at Kim's home and had been reported by her on June 15, 2000. Wachenschwanz denied the request.

{¶ 4} On June 26, 2001, Kim filed a complaint in this court for a writ of mandamus to compel Wachenschwanz to provide her with access to the requested records. Kim also requests reasonable attorney fees. Despite being served with a copy of the complaint, Wachenschwanz failed to file a timely response to the complaint.

{¶ 5} This cause is now before the court for its determination under S.Ct.Prac.R. X(5).

{¶ 6} We must now determine whether dismissal, an alternative writ, or a peremptory writ is appropriate. S.Ct.Prac.R. X(5); *State ex rel. Crobaugh v. White* (2001), 91 Ohio St.3d 470, 471, 746 N.E.2d 1120, 1122. If it appears beyond doubt that relator is entitled to the requested extraordinary relief, a peremptory writ should issue. *State ex rel. DeBrosse v. Cool* (1999), 87 Ohio St.3d 1, 3, 716 N.E.2d 1114, 1116.

{¶ 7} Wachenschwanz was served with a copy of the complaint on July 2, but he failed to file a response within twenty-one days of service, *i.e.*, by July 23,

as required by S.Ct.Prac.R. X(5). In deciding whether Kim is entitled to the requested writ, we must look "beyond the simple admissions resulting from a failure to serve a responsive pleading." *State ex rel. Shimola v. Cleveland* (1994), 70 Ohio St.3d 110, 112, 637 N.E.2d 325, 326.

**{¶ 8}** Here, however, like the relator in *State ex rel. Youngstown City School Dist. Bd. of Edn. v. Youngstown* (1998), 84 Ohio St.3d 51, 53, 701 N.E.2d 986, 988, Kim established her right to a writ of mandamus to compel access to the requested records by satisfactory evidence. Attached to her complaint is an affidavit specifying that she requested public records and that Wachenschwanz refused access to those records.

**{¶ 9}** Under Chauncey Ordinance No. 10-19-99, the log sheets referring to time on duty and mileage used by police personnel are public records that must be presented at each council meeting. In addition, under the ordinance, the patrol log sheets are reviewed by council members at the meetings. Further, there is nothing to counter Kim's evidence that the police report concerning a theft that had occurred at her home was a public record. In sum, the log sheets, time sheets, and police report appear to be comparable to routine offense and incident reports, which are subject to immediate release upon request. See *State ex rel. Beacon Journal Publishing Co. v. Maurer* (2001), 91 Ohio St.3d 54, 57, 741 N.E.2d 511, 514; *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph five of the syllabus.

**{¶ 10}** Notably, Wachenschwanz has evidently never asserted any exemption from disclosure when denying Kim's records requests, and he also did not file anything in response to Kim's mandamus action. " 'Exemptions from disclosure must be strictly construed against the public records custodian, and the custodian has the burden to establish an exemption.' " *State ex rel. Youngstown City School Dist. Bd. of Edn.*, 84 Ohio St.3d at 53, 701 N.E.2d at 988, quoting *State*

*ex rel. Gannett Satellite Info. Network, Inc. v. Petro* (1997), 80 Ohio St.3d 261, 266, 685 N.E.2d 1223, 1228.

{¶ 11} Based on the foregoing, Kim is entitled to a peremptory writ of mandamus to compel Wachenschwanz to provide her with access to all of the requested records.

{¶ 12} In addition, she is entitled to an award of attorney fees.  She has established a sufficient public benefit by access to the requested records, which may result in Wachenschwanz's abiding by the terms of both R.C. 149.43 and Ordinance No. 10-19-99 of the village of Chauncey in the future.  And Wachenschwanz failed to comply with Kim's requests for records and failed to specify any reasons justifying his noncompliance.  *State ex rel. Youngstown City School Dist. Bd. of Edn.*, 84 Ohio St.3d at 54, 701 N.E.2d at 988; *State ex rel. Dillery v. Icsman* (2001), 92 Ohio St.3d 312, 317, 750 N.E.2d 156, 162.  Wachenschwanz also did not file anything in opposition to Kim's mandamus action or her request for attorney fees.

{¶ 13} Accordingly, we grant the peremptory writ of mandamus and award attorney fees.  We order Kim's attorneys to submit a bill and documentation in support of attorney fees in accordance with DR 2-106(A) and (B).  Kim's counsel are also ordered to submit evidence, preferably including affidavits and a copy of any written fee agreement entered into with Kim, specifying the attorney fees that she actually paid or is obligated to pay her attorneys for this mandamus action.  See *State ex rel. Calvary v. Upper Arlington* (2000), 90 Ohio St.3d 1415, 735 N.E.2d 455, and cases cited therein.

*Writ granted.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment.

_____

*Murray Murphy Moul & Basil, LLP*, and *Geoffrey J. Moul*; *Equal Justice Foundation* and *Gary Smith*, for relator.

_____