THE STATE EX REL. STATE OF OHIO *v.* LEWIS, JUDGE, ET AL.

[Cite as *State ex rel. State v. Lewis,*
99 Ohio St.3d 97, 2003-Ohio-2476.]

(No. 2003–0447—Submitted April 15, 2003—Decided May 16, 2003.)

LUNDBERG STRATTON, J.

The *DeRolph* Litigation: *DeRolph I, II, III,* and *IV*

{¶ 1} In December 1991, Dale R. DeRolph and other plaintiffs, including five school district boards of education, filed a complaint in respondent Perry County Court of Common Pleas. In an amended complaint, the *DeRolph* plaintiffs requested (1) a declaration that public education is a fundamental constitutional right in Ohio, (2) a declaration that the system of funding public education in Ohio was unconstitutional as applied to plaintiffs and others, and (3) a mandatory injunction requiring relator, the state of Ohio, to provide for a system of funding public elementary and secondary education in compliance with the Ohio Constitution. The *DeRolph* plaintiffs further requested that the common pleas court "retain jurisdiction of this matter for the purpose of assuring compliance with its lawful findings and orders." Relator, the state of Ohio, the State Board of Education, the State Superintendent of Public Instruction, and the State Department of Education were named as defendants.

{¶ 2} Respondent Perry County Common Pleas Court Judge Linton D. Lewis Jr. determined that Ohio's school-funding system violated the Ohio Constitution and ordered the preparation of legislative proposals for submission to the General Assembly to eliminate wealth-based disparities among Ohio public school districts. See *DeRolph v. State* (1997), 78 Ohio St.3d 193, 194, 677 N.E.2d 733 ("*DeRolph I*"). After the court of appeals reversed the trial court's judgment, see *DeRolph v. State* (Aug. 30, 1995), Perry App. No. CA–477, 1995 WL 557316, we reversed the judgment of the court of appeals. *DeRolph I* at 213, 677 N.E.2d 733.

{¶ 3} In *DeRolph I,* we held that "Ohio's elementary and secondary public school financing system violates Section 2, Article VI of the Ohio Constitution, which mandates a thorough and efficient system of common schools throughout the state." Id. at syllabus. We refused, however, "to encroach upon the clearly legislative function of deciding what the new legislation will be." *DeRolph I,* 78 Ohio St.3d at 213, 677 N.E.2d 733, fn. 9. Instead, we ordered the General Assembly to create an entirely new school-financing system, but stayed the effect of the decision for 12 months. Id. at 213, 677 N.E.2d 733. We remanded the cause to the common pleas court "with directions to enter judgment consistent with this opinion" and ordered that court to "retain jurisdiction until the legislation is enacted and in effect, taking such action as may be necessary to ensure conformity with this opinion." Id. We conferred plenary jurisdiction on

the trial court to enforce the decision, including the right to petition this court for guidance. Id. at fn. 10.

{¶ 4} We subsequently clarified *DeRolph I* by stating that Judge Lewis would rule on the constitutionality of the final legislative remedy and that any party could then appeal directly to this court. *DeRolph v. State* (1997), 78 Ohio St.3d 419, 421, 678 N.E.2d 886. We further rejected any supervision of the legislative process by the courts.

{¶ 5} "Given the separate powers entrusted to the three coordinate branches of government, both this court and the trial court recognize that it is not the function of the judiciary to supervise or participate in the legislative and executive process. * * *

{¶ 6} "* * * [I]t is the role of the courts, pursuant to the Ohio Constitution, to determine the constitutional validity of the system of funding and maintaining the public schools in Ohio." Id. at 420–421, 678 N.E.2d 886.

{¶ 7} On remand, the *DeRolph* plaintiffs asked Judge Lewis to order the *DeRolph* defendants to follow three steps pursuant to a schedule recommended by the plaintiffs. See *DeRolph v. State* (1997), 79 Ohio St.3d 297, 681 N.E.2d 424. After Judge Lewis petitioned this court for guidance on the plaintiffs' motion, we held that the *DeRolph* plaintiffs' request for the order should be denied. Id.

{¶ 8} In February 1999, Judge Lewis entered his judgment on the remanded case. *DeRolph v. State* (1999), 98 Ohio Misc.2d 1, 712 N.E.2d 125. Judge Lewis held that the state had not proved that its remedy complied with the court's *DeRolph I* mandate and that the school-funding system remained unconstitutional. Id. at 263, 712 N.E.2d 125. Judge Lewis retained jurisdiction to ensure compliance and ordered the State Superintendent of Public Instruction and the State Board of Education to prepare a report with proposals to comply with the orders of the common pleas court and this court, to submit the completed report to the General Assembly, and thereafter to prepare a report setting forth the steps taken to resolve the issues raised by the *DeRolph* litigation. Id. Judge Lewis's remedial order was stayed pending appeal. *DeRolph v. State* (1999), 85 Ohio St.3d 1488, 709 N.E.2d 1215.

{¶ 9} On appeal, we agreed that the revised school-funding system was still unconstitutional but gave the defendants more time to comply with Section 2, Article VI of the Ohio Constitution. *DeRolph v. State* (2000), 89 Ohio St.3d 1, 36–38, 728 N.E.2d 993 ("*DeRolph II*"). In so holding, however, we did not adopt Judge Lewis's 1999 remedial order. In addition, we "decline[d] to appoint a special master to oversee the state's further efforts to comply with Section 2, Article VI" and maintained continuing jurisdiction. We affirmed only those portions of the trial court's judgment that were consistent with *DeRolph II*. Id.

{¶ 10} In September 2001, after the state further modified the school-funding system, we ordered the state to implement certain changes that would satisfy the tests for constitutionality in *DeRolph I* and *II. DeRolph v. State* (2001), 93 Ohio St.3d 309, 325, 754 N.E.2d 1184 (*"DeRolph III"*). We further stated that there was "no reason to retain jurisdiction" and that "[i]f the order receives less than full compliance, interested parties have remedies available to them." Id.

{¶ 11} On reconsideration, we vacated *DeRolph III*, held that *DeRolph I* and *II* were the law of the case, and further held that the school-funding system was unconstitutional. *DeRolph v. State*, 97 Ohio St.3d 434, 2002-Ohio-6750, 780 N.E.2d 529 (*"DeRolph IV"*). We directed the General Assembly "to enact a school-financing scheme that is thorough and efficient, as explained in *DeRolph I, DeRolph II,* and the accompanying concurrences." Id. at ¶ 5. In the *DeRolph IV* mandate, we ordered the common pleas court "to carry the following judgment in this cause into execution":

{¶ 12} "IT IS ORDERED by the court that, consistent with the opinion rendered herein, 2002-Ohio-6750 [97 Ohio St.3d 434, 780 N.E.2d 529], the decision entered in this case on September 6, 2001, be, and hereby is, vacated and that this court's decisions in *DeRolph v. State* (1997), 78 Ohio St.3d 193, 677 N.E.2d 733, and *DeRolph v. State* (2000), 89 Ohio St.3d 1, 728 N.E.2d 993, are the law of the case and that the current school-funding system is unconstitutional." *DeRolph v. State*, 97 Ohio St.3d 1477, 2002-Ohio-6750, 780 N.E.2d 282.

Motion for Compliance Conference

{¶ 13} On March 4, 2003, the *DeRolph* plaintiffs moved the trial court to schedule and conduct a conference to address the defendants' compliance with the orders of the common pleas court and this court. The *DeRolph* plaintiffs also requested that, consistent with the trial court's 1999 remedial order, the defendants be ordered to prepare a report setting forth proposals to comply with the court's judgment. In their motion, the *DeRolph* plaintiffs asked the common pleas court to schedule "a compliance conference at the earliest possible time, in order to ensure that the State initiates, without further delay, the process of formulating a school funding system that satisfies the mandates of the Supreme Court."

*DeRolph V*

{¶ 14} Three days later, on March 7, 2003, the state filed this action for a writ of prohibition preventing respondents, Judge Lewis and the common pleas court, from exercising further jurisdiction in *DeRolph.* The state also moved for an emergency stay of proceedings pending resolution of the state's request for a writ of prohibition. On March 10, 2003, the *DeRolph* plaintiffs and the Ohio Coalition for Equity & Adequacy of School Funding moved to intervene as additional

respondents. On March 12, the state filed a memorandum opposing the motion to intervene. On March 17, Judge Lewis responded to the state's emergency motion for a stay by citing the *DeRolph I* grant of authority to him to petition this court for guidance and stating that since "this case continues in uncharted waters, this Court hereby seeks guidance as to the proper course to follow in the case at bar."

{¶ 15} On March 26, respondents Judge Lewis and the common pleas court filed a response to the complaint in which they reiterated that they seek guidance from us "as to the proper course to follow in the case at bar." On April 3, we denied the state's motion for an emergency stay and granted the motion to intervene. *State ex rel. State v. Lewis,* 98 Ohio St.3d 1509, 2003-Ohio-1572, 786 N.E.2d 60.

{¶ 16} The cause is now before the court under S.Ct.Prac.R. X(5) for our determination whether to dismiss the complaint or grant a peremptory or alternative writ.

## Prohibition

{¶ 17} The state seeks a writ of prohibition to prevent Judge Lewis and the common pleas court from exercising further jurisdiction in *DeRolph.* In order to be entitled to the requested writ, the state must establish that (1) Judge Lewis and the common pleas court are about to exercise judicial or quasi-judicial power, (2) the exercise of that power is not authorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Illuminating Co. v. Cuyahoga Cty. Court of Common Pleas,* 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, ¶ 14.

{¶ 18} In cases of a patent and unambiguous lack of jurisdiction, the requirement of a lack of an adequate remedy of law need not be proven because the availability of alternate remedies like appeal would be immaterial. See, e.g., *State ex rel. Goldberg v. Mahoning Cty. Probate Court* (2001), 93 Ohio St.3d 160, 162, 753 N.E.2d 192.

{¶ 19} Conversely, "[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction and a party challenging that jurisdiction has an adequate remedy by appeal." *State ex rel. Nalls v. Russo,* 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶ 18.

{¶ 20} Therefore, the dispositive issue is whether Judge Lewis and the common pleas court *patently and unambiguously* lack jurisdiction over the *DeRolph* plaintiffs' motion for a compliance conference. For the following reasons, we grant a peremptory writ of prohibition. We hold that the exercise of further jurisdiction in this litigation would violate our *DeRolph IV* mandate.

## The Trial Court's 1999 Remedial Order

{¶ 21} The *DeRolph* plaintiffs asserted two grounds in their motion for a compliance conference to support the continuing exercise of jurisdiction by the trial court in *DeRolph*: (1) the trial court's 1999 remedial order and (2) our mandate in *DeRolph IV.*

{¶ 22} The trial court's 1999 remedial order is inconsistent with *DeRolph II* and our various rulings during the *DeRolph* litigation. Instead of affirming the trial court's remedy of ordering the State Superintendent of Public Instruction and the State Board of Education to prepare reports containing proposals to comply with *DeRolph I* and *II*, we ordered a different remedy: granting the state additional time to comply with the Ohio Constitution and maintaining continuing jurisdiction over the case. *DeRolph II*, 89 Ohio St.3d at 36–38, 728 N.E.2d 993. Notably, we expressly denied comparable relief in *DeRolph II* by declining to appoint a special master to oversee the state's efforts to comply with Section 2, Article VI. Id., 89 Ohio St.3d at 38, 728 N.E.2d 993. Because the trial court's 1999 remedial order was inconsistent with our holding in *DeRolph II*,[1] that order was reversed and retains no validity.

{¶ 23} Moreover, by repeatedly denying the *DeRolph* plaintiffs' requests for comparable remedial relief throughout this litigation, we intended to preclude this relief. *DeRolph*, 79 Ohio St.3d 297, 681 N.E.2d 424 (ordering court to deny *DeRolph* plaintiffs' motion to follow schedule to comply with *DeRolph I*); *DeRolph*, 85 Ohio St.3d 1488, 709 N.E.2d 1215 (staying trial court's 1999 remedial order pending appeal); *DeRolph v. State* (2001), 91 Ohio St.3d 1225, 741 N.E.2d 533 (declining to grant *DeRolph* plaintiffs' motion for an order requiring defendants to "file a master plan, and to file subsequent progress reports").

{¶ 24} Therefore, the trial court's 1999 remedial order did not survive our decision in *DeRolph II* and provides no support for any exercise of jurisdiction by the trial court over the *DeRolph* plaintiffs' motion for a compliance conference.

## Mandate

{¶ 25} The remaining basis claimed by the *DeRolph* plaintiffs for authorizing continued jurisdiction by the trial court to consider their motion for a compliance conference is that this exercise of jurisdiction is contemplated, and in fact required, by our mandate in *DeRolph IV.* Conversely, the state asserts that a writ of prohibition is warranted because any further exercise of jurisdiction by the trial court would violate the *DeRolph IV* mandate.

---

1. We affirmed "those portions of the trial court decision that are consistent with the foregoing opinion." *DeRolph II*, 89 Ohio St.3d at 38, 728 N.E.2d 993.

{¶ 26} As the parties agree, a writ of prohibition is appropriate to require lower courts to comply with the mandate of a superior court. *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257, 259, 714 N.E.2d 888. Extraordinary relief in prohibition is appropriate under these circumstances because the Ohio Constitution does not confer jurisdiction on courts of common pleas to review mandates of superior courts. *State ex rel. Crandall, Pheils & Wisniewski v. DeCessna* (1995), 73 Ohio St.3d 180, 182, 652 N.E.2d 742.

{¶ 27} Because we issued the *DeRolph IV* mandate that the plaintiffs seek to enforce, this court is in the best position to determine whether Judge Lewis's exercise of jurisdiction over the *DeRolph* plaintiffs' motion for a compliance conference would be contrary to that mandate. See *State ex rel. Borden v. Hendon,* 96 Ohio St.3d 64, 2002-Ohio-3525, 771 N.E.2d 247, ¶ 9, quoting *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 252, 648 N.E.2d 1355 (" 'The court that issued the order sought to be enforced is in the best position to determine [whether] that order has been disobeyed' ").

{¶ 28} We crafted our language in the *DeRolph IV* mandate to order that the trial court "carry this judgment into execution." 97 Ohio St.3d 1477, 2002-Ohio-6750, 780 N.E.2d 282. We *did not* remand the cause for *further proceedings.* See R.C. 2505.39 ("A court that reverses or affirms a final order, judgment, or decree of a lower court upon appeal on questions of law, shall not issue execution, but *shall send a special mandate to the lower court for execution **or** further proceedings*" [emphasis added]). In fact, if we had intended a remand for further proceedings in this litigation, we would have expressly provided for that action. See *DeRolph I,* 78 Ohio St.3d at 213, 677 N.E.2d 733. By contrast, we did not specify any remand in *DeRolph IV.*

{¶ 29} Moreover, despite their disclaimer to the contrary, the *DeRolph* plaintiffs are requesting continuing judicial oversight of the preparation of the final legislative remedy. For example, in their memorandum in support of their motion for a compliance conference, the *DeRolph* plaintiffs request that Judge Lewis "conven[e] a conference and requir[e] the State to advise * * * *when and how it intends to comply with DeRolph IV and the 1999 [remedial] orders.*" (Emphasis added.)

{¶ 30} The *DeRolph* plaintiffs' request is nothing more than an ill-disguised attempt to require judicial approval for proposed remedies *even before those remedies are enacted,* i.e., requesting advisory rulings on the constitutionality of legislation that has not yet been passed.

{¶ 31} This, however, would constitute an unquestioned violation of the *DeRolph I, II,* and *IV* mandates. See, e.g., *DeRolph I,* 78 Ohio St.3d at 213, 677 N.E.2d 733, fn. 9 ("we recognize that the proper scope of our review is limited to determining whether the current system meets constitutional muster. We refuse

to encroach upon the clearly legislative function of deciding what the new legislation will be"); *DeRolph II*, 89 Ohio St.3d at 12, 728 N.E.2d 993 ("it is for the General Assembly to legislate a remedy"). It also constitutes an inappropriate request for an advisory opinion. Cf. *Egan v. Natl. Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176, 25 OBR 243, 495 N.E.2d 904, syllabus ("it is well-settled that this court will not indulge in advisory opinions"). In addition, as previously discussed, because the trial court's 1999 remedial orders were not affirmed by this court in *DeRolph II*, these orders are no longer valid.

{¶ 32} Furthermore, as the state cogently observes, a review of the various opinions in *DeRolph IV* supports our construction that no further jurisdiction over that particular case would be exercised, whether by this *or any other court*. See, e.g., *DeRolph IV*, 97 Ohio St.3d 434, 2002-Ohio-6750, 780 N.E.2d 529, ¶ 16 (Resnick, J., concurring) ("it does seem likely that further litigation will be forthcoming in the area of school funding, even though it apparently will be under a name other than *DeRolph*"); id. at ¶ 28 (Lundberg Stratton, J., concurring in part and dissenting in part) ("it is proper for the majority to dismiss the case once it has reached a finding of unconstitutionality"); id. at ¶ 37 (Moyer, C.J., dissenting) ("[the majority] implicitly declares this case concluded, yet does so without fully disposing of the issues that have developed during the litigation"); id. at ¶ 73 (Cook, J., dissenting) ("For the reasons I have expressed throughout this court's consideration of this cause, the court should dismiss this case"). Nor does the plurality opinion in *DeRolph IV* suggest any continued retention of jurisdiction by this court or the trial court.

{¶ 33} Therefore, our *DeRolph IV* mandate forbids Judge Lewis and the common pleas court to exercise further jurisdiction in this matter. We never held in *DeRolph II* or *IV* that Judge Lewis's 1999 remedial order or, for that matter, the *DeRolph* plaintiffs' mandatory-injunction claim would be revived when we relinquished our jurisdiction. The duty now lies with the General Assembly to remedy an educational system that has been found by the majority in *DeRolph IV* to still be unconstitutional.

{¶ 34} Accordingly, because it is beyond doubt that Judge Lewis and the common pleas court patently and unambiguously lack jurisdiction over any post-*DeRolph IV* proceedings, we now grant a peremptory writ and end any further litigation in *DeRolph v. State*. See, e.g., *State ex rel. Kim v. Wachenschwanz* (2001), 93 Ohio St.3d 586, 588, 757 N.E.2d 367. In so holding, we abide by the usual practice that when a court declares a legislative act to be unconstitutional, that court generally does not remand the case with an order to retain jurisdiction over the constitutionality of new legislation enacted in response to its declaration. See, e.g., *DeRolph IV*, 97 Ohio St.3d 434, 2002-Ohio-6750, 780 N.E.2d 529, ¶ 16 (Resnick, J., concurring) ("In the normal case, when this court finds a particular

statute or series of statutes unconstitutional, there is no thought given to retaining jurisdiction * * *"); *DeRolph,* 78 Ohio St.3d at 422, 678 N.E.2d 886 (Moyer, C.J., concurring in part and dissenting in part) ("Typically, when a Supreme Court declares a legislative act to be unconstitutional it does not order the legislative body to enact new legislation. Nor does it remand the case to a trial court with an order to retain jurisdiction over the consequent act of the legislative authority, including jurisdiction to rule upon the constitutionality of the new legislation"); id. at 423, 678 N.E.2d 886 (Lundberg Stratton, J., concurring in part and dissenting in part) ("the judiciary's role in this matter is complete and * * *, as with all other legislation declared unconstitutional by this court, we must await new challenges to the new legislation").[2]

{¶ 35} Therefore, we grant the peremptory writ of prohibition and order Judge Lewis to dismiss the motion now pending before his court.

Writ granted.

PFEIFER, J., concurs.

MOYER, C.J., COOK and O'CONNOR, JJ., concur in judgment only.

RESNICK and F.E. SWEENEY, JJ., dissent.

---

Jim Petro, Attorney General, Roger F. Carroll, James G. Tassie and Sharon A. Jennings, Assistant Attorneys General, for relator.

Stephen R. Herendeen, Perry County Assistant Prosecuting Attorney, for respondents.

Bricker & Eckler, L.L.P., Nicholas J. Pittner, John F. Birath Jr., Sue W. Yount, Quintin F. Lindsmith and Susan B. Greenberger, for intervening respondents.

---

2. Other state supreme courts have similarly refused to retain jurisdiction after declaring school-funding legislation unconstitutional. See, e.g., *Lake View School Dist. No. 25 of Phillips Cty. v. Huckabee* (2002), 351 Ark. 31, 91 S.W.3d 472, 511 ("It is not this court's intention to monitor or superintend the public schools of this state. Nevertheless, should constitutional dictates not be followed, as interpreted by this court, we will have no hesitancy in reviewing the constitutionality of the state's school-funding system once again in an appropriate case"); *Hull v. Albrecht* (1998), 192 Ariz. 34, 960 P.2d 634; *Helena Elementary School Dist. No. 1 v. State* (1990), 236 Mont. 44, 61, 784 P.2d 412 ("We decline to retain jurisdiction in this matter. The legislative changes in 1989 and 1991 will require new and different proof on the part of any parties challenging the same. We conclude that should such action be necessary, it can be presented in a new and separate court action").